UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
GOKHAN MUTLU,

                       Plaintiff,

       - against -                                    08 CV 4887 (LAP)

JETBLUE AIRWAYS CORPORATION,
PILOT, true identity unknown, and
FLIGHT ATTENDANT, true identity unknown,

                       Defendants.
------------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF JETBLUE AIRWAYS CORPORATION'S FED. R. CIV. P. 12(E) MOTION FOR A MORE DEFINITE STATEMENT

Defendant JetBlue Airways Corporation ("JetBlue"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 12(e). Because Plaintiff's Complaint dated April 30, 2008 (the "Complaint") does not contain sufficient information to allow a responsive pleading to be framed and applicable defenses identified and asserted, JetBlue respectfully requests that this Court require Plaintiff to provide a more definite statement of his claims against JetBlue.

### PRELIMINARY STATEMENT

This action arises out of an alleged February 23, 2008 incident in which JetBlue, through an unnamed pilot and flight attendant, allegedly required Plaintiff to surrender his seat and relocate himself to an aircraft lavatory for a portion of a transcontinental flight between California and New York. Plaintiff, through counsel, seeks redress for this alleged incident by asserting myriad claims under federal and state statutes and common law.

However, the allegations of numerous claims in Plaintiff's Complaint are so muddled, opaque, and incomplete as to force JetBlue to guess at the claims that are actually being asserted

against it. Plaintiff's Complaint alleges, in slapdash fashion, violations of several specific statutes and regulations that simply do not exist as pleaded. *See* Complaint, ¶¶ 40, 56, 63, 70.[1] Other claims suffer from Plaintiff's refusal or inability to plainly state exactly what law(s) JetBlue is accused of violating, either invoking all "Laws of the United States of America and the Laws, Rules, Regulations, Statutes and Ordinances of the City and State of New York" in blunderbuss fashion (*see* Complaint, ¶¶ 50, 51), or purporting to claim violations of specific statutes which Plaintiff has wholly failed to identify (*see* Complaint, ¶¶ 57, 64). Still other claims are supported only by vague legal conclusions (*see* Complaint, ¶¶ 42, 43, 50, 51), leaving JetBlue in the dark as to the bases upon which Plaintiff's inchoate claims of "discrimination" and deprivation "of the rights, privileges and immunities secured to Plaintiff by the First and Fourteenth Amendments" are actually premised. These allegations fail to provide fair notice of Plaintiff's claims and the grounds upon which they rest.

JetBlue recognizes that motions for a more definite statement are to be invoked sparingly. However, Rule 12(e) motions are the appropriate remedy for pleadings – such as Plaintiff's Complaint in this action – which are so vague, ambiguous, and unintelligible as to provide insufficient notice of the claims asserted and the grounds upon which they are based. This case presents the unusual circumstance where a clearer articulation of the claims in the Complaint is needed from Plaintiff and his counsel before JetBlue can be expected to frame a meaningful response and to identify and assert appropriate legal defenses. Accordingly, Plaintiff should be ordered to recast his pleading in a manner that will allow JetBlue to identify, understand, and respond to the claims that Plaintiff brings against it.

---

[1] The Complaint in this action is annexed as Exhibit 1 to the accompanying Declaration of Christopher G. Kelly, Esq.

## ARGUMENT

### THE COMPLAINT IS DEFICIENT AND PLAINTIFF MUST PROVIDE A MORE DEFINITE STATEMENT OF HIS CLAIMS

At a minimum, Plaintiff's Complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In practice, this notice pleading standard requires a Complaint containing facts sufficient to provide JetBlue with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir.2002); *Costabile v. County of Westchester*, 485 F.Supp.2d 424 (S.D.N.Y. 2007). The complaint must inform JetBlue "of the events being sued upon" and must provide "more than bare assertions of legal conclusion." 5 C. Wright, A. Miller, E. Cooper, M. Kane and K. Graham, *Federal Practice and Procedure*, § 1202 at p. 6 (2002 Supp.).

If a complaint is so vague or ambiguous that it fails to provide fair notice of the nature of the plaintiff's claims, a defendant cannot reasonably be required to frame a responsive pleading and a more definite statement is warranted. *See* Fed. R. Civ. P. 12(e); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ("The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement."); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a definite statement under Rule 12(e) before responding."). "If a party contends that a pleading . . . is so vague or ambiguous that it cannot reasonably be required to frame a responsive pleading the party is not left without a remedy, as the party may move for a more definite statement before responding to the pleading." *Gibson v. Commissioner of Mental Health*, 2006 WL 1234971 (S.D.N.Y., 2006) (quotations omitted); *see also Phillips v. Girdich*, 408 F.3d 124 (2d Cir. 2005) ("Once a defendant has been served with a complaint that is defective, it should be met with a

3

motion for a more definite statement under Rule 12(e)."); *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508 (2d Cir. 2005) ("the cure for [vague and conclusory allegations] . . . is a motion for a more definite statement under Rule 12(e)").

As detailed below, the allegations of Plaintiff's Complaint, as currently pleaded, fail to provide JetBlue with the "fair notice of what the plaintiff's claim is and the grounds upon which it rests" to which JetBlue plainly is entitled before responding.

### A.   Invocation of Non-Existent Statutes and Regulations

Plaintiff's Complaint is replete with references to nonexistent statutes and regulations, complicating JetBlue's ability to discern – let alone respond to – Plaintiff's actual claims against it. For example, Paragraph 40 of the Complaint accuses JetBlue of violating the fictitious federal regulation alleged to be collected at "49 CFR, Subtitle VII, section 40127." Paragraph 56 alleges violations of "Title 14, Section 121 of the USC," and paragraph 63 alleges violations of "Title 14, Section 125 of the USC," neither of which are citations to actual federal statutes.

It is quite difficult for JetBlue to formulate an effective response to a claim that JetBlue violated statutes and regulations that do not exist as cited. The burden should be on Plaintiff and his counsel to confirm the accuracy of citations to the statutes and regulations Plaintiff intends to assert, not upon JetBlue's counsel to put words into Plaintiff's mouth and assume what laws Plaintiff is *really* suing upon (and, thereby, run the risk of guessing incorrectly).[2]

---

[2] Plaintiff's vague allegation that JetBlue's conduct violated the "Passenger's Bill of Rights" (*see* Complaint, ¶ 70), without further elaboration or citation, is likewise insufficiently definite to allow JetBlue to meaningfully respond. If, as appears to be the case, Plaintiff is claiming a violation of New York State's Passenger Bill of Rights, 2007 N.Y. Sess. Laws, ch. 472 (codified at N.Y. Executive Law § 553(2)(b)-(d) and N.Y. General Business Law § 251-(f)-(j)), JetBlue has a complete defense under the Second Circuit's decision in *Air Transport Ass'n of America v. Cuomo*, 520 F.3d 218 (2d Cir. 2008), which invalidated that statute on federal preemption grounds. If Plaintiff is alleging something else, he should specify it.

**B.     Incomplete Statutory References**

Further, Plaintiff's Complaint contains several legally-operative sentence fragments which accuse JetBlue of having violated statutes known only to Plaintiff. Paragraphs 57 and 64 of the Complaint allege, in their entirety, as follows:

> 57.     That at all times hereinafter mentioned, the Defendant JETBLUE, violated the statute which holds that ". [sic]
>
> . . .
>
> 64.     That at all times hereinafter mentioned, the Defendant JETBLUE, violated the statute which holds that ". [sic]

Suffice it to say that it is precisely "unintelligible pleadings" such as this – which are wholly insufficient to provide JetBlue with fair notice of the nature of Plaintiff's claims against it – that Rule 12(e) was designed to remedy. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992). JetBlue can provide no meaningful responses to these allegations without, at a minimum, being apprised of the statute(s) it is accused of violating.

**C.     Overbroad Claims**

Plaintiff's Complaint contains several blunderbuss allegations of such extraordinary breadth as to leave JetBlue unable to formulate effective responses and to identify and assert appropriate defenses. One such allegation appears in paragraph 50 of the Complaint, which alleges that Plaintiff was deprived "of the rights, privileges and immunities secured to the Plaintiff by . . . the Laws of the United States of America and the Laws, Rules, Regulations, Statutes and Ordinances of the City and State of New York." Complaint, ¶ 50; *see also* Complaint, ¶ 51.

Allegations such as these, effectively alleging violations of *every* federal, state, and local law, fail to provide JetBlue with even minimal notice of the actual claims Plaintiff is asserting against in this action. Without knowing the law(s) it is accused of having violated, JetBlue cannot properly frame a meaningful response to the Complaint and assert appropriate defenses.

Accordingly, before responding to the Complaint, JetBlue is entitled to a specific articulation of the law(s), statute(s), and regulation(s) Plaintiff alleges JetBlue violated. "Ignorant of which of numerous statutory interdictions [plaintiff] contends were violated, [JetBlue] cannot reasonably be required to frame a responsive pleading." *Sanitized, Inc. v. S.C. Johnson & Sons, Inc.*, 23 F.R.D. 230, 233 (S.D.N.Y. 1959); *see also Halcyon Securities Inc. v. Chase Manhattan Bank N.A.*, 439 F. Supp. 650, 654 (S.D.N.Y. 1977) ("We agree with the defendants that the provisions of Rule 12(e) of the F.R.Civ.P. entitle them to a more particular statement as to the section of the statute allegedly violated."); *W.E. Booton, Ltd. V. Scott & Williams, Inc.*, 45 F.R.D. 108 (S.D.N.Y. 1968) (same).

### D.  Vague and Conclusory Claims of "Discrimination"

Plaintiff generally alleges that JetBlue and its employees "discriminated" against him based upon his "race, religion, color and/or creed." Complaint, ¶¶ 42, 43; *see also* Complaint, ¶ 51. Although a specific allegation of membership in a protected class is a *sine qua non* of a discrimination claim, *see, e.g., Morris v. Diaz*, 119 Fed. Appx. 316, 317 (2d Cir. 2004); *Phillips v. Sage Colleges*, 83 Fed. Appx. 340, 341 (2d Cir. 2003), the Complaint provides no clues as to the specific protected class(es) in which Plaintiff claims membership. Nor has plaintiff alleged, generally or specifically, facts that might support an inference of discriminatory animus underlying the alleged actions of JetBlue. Instead, Plaintiff pleads only the bare legal conclusion that he was the victim of "discrimination." *Cf. Straker v. Metropolitan Transit Auth.*, 333 F. Supp. 2d 91, 99-102 (E.D.N.Y. 2004) (collecting authority holding that conclusory allegations of discrimination are subject to dismissal).

At a minimum, JetBlue is entitled to a more definite statement of Plaintiff's membership in protected class(es), and of facts plausibly supporting his claim that he was targeted for discrimination on account of his "race, religion, color and/or creed," before JetBlue can be

expected to articulate its legal and factual defenses to these claims. *See Rentos v. Oce-Office Systems*, 1996 WL 737215 (S.D.N.Y., 1996) (Preska, J.) (referencing earlier order to provide more definite statement to "identify the protected class to which Plaintiff allegedly belongs"); *Lovoi v. Apple One Employment Services*, 2000 WL 554203 (E.D.La., 2000) (granting 12(e) motion in discrimination case where, *inter alia*, plaintiff failed to allege his membership in a protected class); *see generally Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (noting, in context of discrimination action, that "in order to survive a motion to dismiss under the plausibility standard of [*Bell Atlantic v. Twombly*], a conclusory allegation concerning some elements of a plaintiff's claims might need to be fleshed out by a plaintiff's response to a defendant's motion for a more definite statement"); *Strine v. Marion Central School Dist.*, 280 F.Supp.2d 75 (W.D.N.Y., 2003) ("The complaint indicates only that plaintiff is claiming *some* sort of discrimination against him by defendants . . . . [N]either the Court nor the defendants should be required to attempt to piece together these fragmentary bits of information in order to decipher what it is that plaintiff is claiming.") (emphasis in original).

### E.   Vague and Conclusory Constitutional Claims

Plaintiff's claims against JetBlue under the United States Constitution (*see* Complaint, ¶¶ 50 and 51) are, for several reasons, likewise insufficiently definite to allow JetBlue to formulate a meaningful response thereto.

First, Plaintiff vaguely asserts that his alleged treatment at the hands of JetBlue and its employees constituted a deprivation of the "rights, privileges and immunities secured to Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States . . . ." Complaint, ¶ 50. Beyond this conclusory statement, however, Plaintiff's Complaint provides no hint as to how his factual allegations could possibly fit within the framework provided by these Constitutional Amendments. *See* First Amendment ("Congress shall make no law respecting an

7

establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."); Fourteenth Amendment ("No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."). Where, as here, Plaintiff's factual allegations bear no apparent relationship to his legal conclusions, Plaintiff should be required provide more definite allegations connecting his alleged mistreatment with the Constitutional Amendments he alleges JetBlue violated. *See Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.Supp.2d 439, 445 (S.D.N.Y. 2005) (requiring more definite statement as to vague and conclusory legal allegations); *MTV Networks v. Curry*, 867 F. Supp. 202 (S.D.N.Y. 1994) (same).

Second, and more fundamentally, it is an elementary principle of law that only "state actors" are proper targets of constitutional claims. *See Phillips v. Sage Colleges*, 83 Fed. Appx. 340, 341 (2d Cir. 2003) ("[T]he United States Constitution regulates only government action, not that of private parties."). Accordingly, to plead state action, a "plaintiff must allege facts showing either that the state has ceded governmental functions to the private actor that the state would otherwise be obligated to perform, or that the state has effectively assumed control of the private institution's operations, as for example, by appointing a majority of its governing board." *Phillips*, 83 Fed. Appx. at 431 (citations omitted); *see also Loce v. Time Warner Entertainment Advance / Newhouse Partnership*, 191 F.3d 256, 266 (2d Cir. 1999) (as against a private party, plaintiff must plead "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself").

However, instead of specifying the bases under which JetBlue's alleged mistreatment of Plaintiff are alleged to constitute "state action" for purposes of Plaintiff's constitutional claims, Plaintiff only inscrutably alleges that JetBlue and/or its employees acted "under color and pretense of law [FAA, CFR], to wit: under the color of the statutes, ordinances, regulations, customs and usages of JETBLUE AIRWAYS CORPORATION . . . ." Complaint, ¶ 50; *see also* Complaint, ¶ 51. These opaque legal allegations provide JetBlue with no meaningful notice as to the alleged bases of Plaintiff's constitutional claims against JetBlue as a private actor. JetBlue requires a more definite statement of the bases of Plaintiff's "state action" allegations before it can be expected to formulate a response thereto.

## CONCLUSION

The Court should grant the motion of JetBlue Airways Corporation, and should order Plaintiff pursuant to Fed. R. Civ. P. 12(e) to amend his Complaint to provide a more definite statement of his claims against JetBlue, as detailed above.

Dated: New York, New York
       June 9, 2008

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: *[signature]*
Christopher G. Kelly (CK 3865)
Robert J. Burns (RB 1558)
Suhey I. Nevarez (SN 1981)
195 Broadway
New York, New York 10007
Phone No. (212) 513-3200
Fax No. (212) 385-9010

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION

# 5390000_v1

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Title 28 U.S.C.§1746, that on June 9, 2008, I served a true copy of the attached MEMORANDUM IN SUPPORT OF JETBLUE AIRWAYS CORPORATION'S FED.R.CIV.P.12(E) MOTION FOR A MORE DEFINITE STATEMENT, by personally delivering to **Akin & Smith, LLC**, at 305 Broadway, Suite 1101, New York, New York 10007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2008.

Willis Vargas
Holland & Knight LLP
195 Broadway
New York, NY 10007