UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

GOKHAN MUTLU,

                         Plaintiff,                          08 CV 4887 (LAP)

      - against -

                                             **DECLARATION OF**
JETBLUE AIRWAYS CORPORATION,          **CHRISTOPHER G. KELLY**
PILOT, true identity unknown, and             **IN SUPPORT OF**
FLIGHT ATTENDANT, true identity unknown,   **<u>MOTION TO DISMISS</u>**

                        Defendants.
-----------------------------------------------------------------------X

CHRISTOPHER G. KELLY declares as follows:

1.      I am a member in good standing of the bar of this Court, and am a partner at the law firm Holland & Knight LLP, counsel for defendant JetBlue Airways Corporation ("JetBlue") in the above captioned action. I am familiar with the proceedings in this action. I submit this declaration in support of JetBlue's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Amended Complaint in its entirety and without the opportunity for further amendment.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the original Summons and Complaint in this action, dated April 30, 2008, and filed on May 9, 2008, in the Supreme Court of the State of New York, County of New York, under Index Number 08-106489. This action was removed to this Court by JetBlue by filing of a Notice of Removal on May 27, 2008.

3.      On June 9, 2008, JetBlue filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), detailing the numerous aspects in which the Complaint in this action was insufficient to allow a responsive pleading to be framed and applicable defenses identified and asserted. JetBlue observed that Plaintiff's Complaint alleged violations of statutes and regulations that did not exist as pleaded, included numerous sentence fragments and

miscitations, invoked broad swaths of law in blunderbuss and unspecific fashion, and alleged only vague legal conclusions lacking critical factual predicates.

4. Without awaiting Plaintiff's opposition, the Court on June 12, 2008, ordered Plaintiff to advise on or before June 19, 2008, whether he intended to amend his Complaint, and if so, to do so prior to June 26, 2008. The Court's June 12 Order stated that no further amendments to Plaintiff's pleading would be allowed after June 26. On June 16, 2008, Plaintiff's counsel advised that, while he "believe[s] the Complaint clearly sets forth the Plaintiff's claims, in a good faith attempt to resolve the matter without further taking the Court's time," he would amend the Complaint on or before the June 26 deadline. A copy of this letter is attached hereto as Exhibit 2. By Order dated June 16, 2008, the Court once again advised Plaintiff that "[n]o further amendments will be permitted" after the filing of Plaintiff's Amended Complaint.

5. On June 17, Plaintiff purported to file his Amended Complaint,[1] and on the same date the Amended Complaint was served by mail upon counsel for JetBlue. Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff's Amended Complaint.

6. Attached hereto as Exhibit 4 is a redline comparison prepared by my office and showing the alterations, additions, and deletions (exclusive of re-numbering) in the text of Plaintiff's Amended Complaint as compared with Plaintiff's original Complaint.

I declare under penalty of perjury pursuant to 28 U.S.C § 1746 that the foregoing is true and correct.

Executed on this 7th day of July, 2008.

Christopher G. Kelly, Esq.

---

[1] As of the date of this declaration, Plaintiff has failed to comply with local rules regarding ECF filing of his Amended Complaint.

**EXHIBIT 1**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------X

GOKHAN MUTLU,

Plaintiff,

- against -

**08106489**

JETBLUE AIRWAYS CORPORATION,
PILOT, true identity unknown, and
FLIGHT ATENDANT, true identity unknown,

Defendants.
--------------------------------------------------------X

To the above named Defendant

Index No.:
Date Purchased:

Plaintiff Designates
New York County as
the Place of Trial

**SUMMONS**

The Basis of the Venue is
Plaintiff's Residence

Plaintiff Resides at
20 Dongan Place
New York, New York 10040
**County of New York**

   YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of
the day of service (or within 30 days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Dated: April 30, 2008
   New York, New York

FILED
MAY 09 2008
COUNTY CLERKS OFFICE
NEW YORK

Respectfully Submitted

AKIN & SMITH, LLC
Attorneys for Plaintiff(s)

By: Zafer A. Akin
305 Broadway, Suite 1101
New York, New York 10007
(212) 587-0760

Defendants' Addresses:

JETBLUE AIRWAYS CORPORATION
- VIA SECRETARY OF STATE -
118-29 Queens Boulevard
Forest Hills, New York 11375

PILOT (true identity unknown
FLIGHT ATTENDANT (true identity unknown)
118-29 Queens Boulevard
Forest Hills, New York 11375

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:

------------------------------------------------X
GOKHAN MUTLU,

                           Plaintiff,

        - against -

                               VERIFIED COMPLAINT


JETBLUE AIRWAYS CORPORATION,
PILOT, true identity unknown, and
FLIGHT ATENDANT, true identity unknown,

**08106489**

                        Defendants.
------------------------------------------------X

    Plaintiff(s), by their attorneys, AKIN & SMITH, P.C., upon information and belief, complain of

the defendants herein as follows:

1.     At all times hereinafter mentioned, the Plaintiff GOKHAN MUTLU, was and is a
        resident of the County of Bronx, City and State of New York.

2.     At all times hereinafter mentioned, Defendant JETBLUE AIRWAYS
        CORPORATION, was and is an entity organized and existing by virtue of the Laws
        of the State of New York.

3.     At all times hereinafter mentioned, Defendant JETBLUE AIRWAYS
        CORPORATION, was and is a foreign entity authorized to conduct business in the
        State of New York.

4.     At all times hereinafter mentioned, Defendant JETBLUE AIRWAYS
        CORPORATION, was and is an entity engaged in the business of operating an
        airline.

5.     At all times hereinafter mentioned, Defendant, PILOT (true identity unknown) was
        and is a resident of the State of New York.

6.     At all times hereinafter mentioned, Defendant, FLIGHT ATENDANT (true identity
        unknown) was and is a resident of the State of New York.

7.     At all times hereinafter mentioned, Defendant, PILOT (true identity unknown) and
        Defendant FLIGHT ATENDANT (true identity unknown), (hereinafter jointly as

Employee Defendants or Defendant Employees) were and continue to be employed by the Defendant JETBLUE AIRWAYS CORPORATION.

8.   At all times hereinafter mentioned, the Plaintiff acquired a ticket by use of a "body pass" voucher given to him.

9.   The "body pass" voucher granted the Plaintiff the right to acquire a ticket to travel on a "stand by" basis, i.e., provided there is room on the aircraft.

10.  That the Plaintiff was scheduled to travel from New York to San Diego on February 16, 2008 and return on February 23, 2008.

11.  The Plaintiff's flight was scheduled to depart on or about 1:30 pm on February 23, 2008.

12.  The Plaintiff was advised that there were no seats available on the flight scheduled to leave on or about 1:30 pm and that he would have to take the next available flight to New York.

13.  The Plaintiff was then advised he would be able to fly back to New York on the flight that was scheduled to depart on or about 9:30 pm.

14.  Shortly before check in, the Plaintiff was advised that the plane appeared to be full with a JETBLUE AIRWAYS CORPORATION employee, Flight Attendant, taking the last available seat.

15.  Thereafter, the Plaintiff was advised that the Defendant, FLIGHT ATTENDANT would take the "jump seat" which was available and that the Plaintiff could take the flight scheduled to depart on or about 9:30 pm.

16.  The Plaintiff was issued his boarding pass and boarded the aircraft taking seat 2E.

17.  Approximately 1½ hour into the flight as the Plaintiff was dozing off, the Defendant, PILOT called the Plaintiff towards the front of the plane, towards the cockpit, and advised the Plaintiff that he would have to give his seat up to the Defendant, FLIGHT ATTENDANT.

18.  The Plaintiff was puzzled and asked what was going on to which the Defendant PILOT responded, that the Defendant FLIGHT ATTENDANT wanted to be more comfortable and that the "jump seat" was not comfortable for her.

19.  The Plaintiff asked if he was being directed to surrender the seat issued to him and to take the "jump seat" for the remaining part of the flight, which was about 3½ hours.

20. The Defendant PILOT then advised the Plaintiff that he was not allowed to take the "jump seat" that said seat was for personnel only.

21. Even more puzzled and perplexed, the Plaintiff asked if the Pilot was directing him to stand for the remaining part of the flight?

22. The Pilot responded by telling the Plaintiff to go and "hang out" in the bathroom.

23. While the conversation was taking place, the Flight Attendant took the Plaintiff's seat, closed her eyes and pretended to sleep.

24. The Plaintiff could not believe what he was hearing, with everyone around looking and staring at him, at the flight attendant and the Pilot.

25. The Plaintiff was embarrassed, humiliated, mortified, disgraced, degraded and still shocked beyond belief.

26. The Pilot then became angry at the Plaintiff's reluctance to go to the back of the plane to take his place in the rest room and took a much harsher tone with the Plaintiff, advising him that he was the Pilot, that this was his plane, under his command, and that the Plaintiff should be grateful for being onboard.

27. The Plaintiff walked to the back of the plane, trying to hide and cover his face, embarrassed, humiliated, mortified, disgraced, and degraded.

28. The Plaintiff quietly stepped into the bathroom, closed the door and locked it. He *could not believe this was happening.*

29. Approximately one hour later, which seemed like eternity, it appeared as if a passenger was trying to open the door. The Plaintiff stepped out and saw two male flight attendants near their station. He pardoned himself to advise them that he was in the bathroom because the Pilot ordered him to stay there for the duration of the flight, in extreme humiliation, to which they laughed and responded by saying something to the sort, "yeah we know, just go back in there." The Plaintiff's embarrassment, and humiliation rose to new heights.

30. Shortly after taking his place back in the restroom, the aircraft experienced turbulence and a light/announcement came on directing the passengers to return to their seats and to buckle their seatbelts. The Plaintiff had no seat to return to, sitting on a toilet stool with no seatbelts. A tremendous sense of fear started to engulf the Plaintiff in addition to the prior embarrassment and humiliation that he was feeling as the aircraft continued to shake and rattle.

31. After the turbulence subsided, the Plaintiff continued to be imprisoned in the restroom.

32.    Thereafter, a male flight attended knocked on the door and advised the Plaintiff that they are expecting more turbulence and that he is to return back to seat 2E.

33.    The Plaintiff walked back to his seat embarrassed, humiliated, mortified, disgraced, degraded and still shocked beyond belief and quietly took his seat and put his seatbelt on trying to cover his face from the passengers nearby.

34.    The young lady that was sitting next to the Plaintiff started to give the Plaintiff weird looks then inquired as to what it was that he did to which the Plaintiff felt he had to defend himself trying to explain that he did nothing wrong, that it was the Pilot's Order.

35.    The Plane landed at John F. Kennedy airport in New York around 5:30 am.

36.    Still embarrassed and humiliated the Plaintiff tried to run out of the plane. As he was walking out, the Pilot stopped him and asked if everything was okay. The Plaintiff replied, NO, it's not okay.

37.    The Pilot then took a harsh tone and said you looked annoyed. To which the Plaintiff responded, "I can't believe you made me sit in the bathroom for over three hours."

38.    The Pilot took a harsher tone and replied telling the Plaintiff he should be thankful that he [the Pilot] let him on the plane at all.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GOKHAN MUTLU

39.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

40.    That at all times hereinafter mentioned, the Defendant JETBLUE, violated 49 CFR, Subtitle VII, section 40127.

41.    That at all times hereinafter mentioned, the Defendant JETBLUE, violated the statue which holds that "(a) Persons in Air Transportation. An air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry."

42.    That the Defendants, their agents, servants and employees acting within the scope of their employment, in discriminating against the Plaintiff based on his race, religion, color and/or creed.

43.    That the Defendants, their agents, servants and employees acting within the scope of their employment, publicly, wickedly and maliciously, degraded, embarrassed, ridiculed, humiliated and dishonored the Plaintiff because of his race, religion, color and/or creed.

44.    That as a result of the aforesaid discrimination, the plaintiff was subjected to mental, emotional and psychological trauma, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

45.    That the plaintiff was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain.

46.    That by reason of the aforesaid, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts and makes a demand for same.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GOKHAN MUTLU

47.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

48.    That at all times hereinafter mentioned, Defendants PILOT and FLIGHT ATENDANT were employed in their respective capacities by the Defendant, JETBLUE AIRWAYS CORPORATION.

49.    That at all times hereinafter mentioned, Defendants PILOT and FLIGHT ATENDANT were acting under the official capacity and authority and their acts were performed under the policies, rules and regulations of Defendant JETBLUE AIRWAYS CORPORATION.

50.    That during all times hereinafter mentioned, the defendant employees acted under color and pretense of law [FAA, CFR], to wit: under color of the statutes, ordinances, regulations, customs and usages of JETBLUE AIRWAYS CORPORATION, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the Plaintiff, GOKHAN MUTLU, and deprived the plaintiff of the rights, privileges and immunities secured to the Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States and the Laws of the United States of America and the Laws, Rules, Regulations, Statues and Ordinances of the City and State of New York.

51.    That the Defendant JETBLUE AIRWAYS CORPORATION and the Defendant Employees, acting under color of law [FAA, CFR], has subjected the Plaintiff to a pattern of conduct consisting of illegal discrimination, harassment, in denial of rights,

privileges and immunities guaranteed to the Plaintiff, GOKHAN MUTLU, and other citizens by the Constitution of the United States, the City and State of New York.

52. That by reason of the aforesaid, the plaintiff was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

53. That by reason of the aforesaid, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts and makes a demand for same.

AS AND FOR A THIRD CAUSE OF ACTION ON<br>BEHALF OF PLAINTIFF, GOKHAN MUTLU

54. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

55. That the Defendants, their agents, servants and employees acting within the scope of their employment, in discriminating against the Plaintiff based on his race, religion, color and/or creed.

56. That at all times hereinafter mentioned, the Defendant JETBLUE, violated Title 14, Section 121 of the USC.

57. That at all times hereinafter mentioned, the Defendant JETBLUE, violated the statue which holds that ".

58. The Defendant, JETBLUE AIRWAYS CORPORATION, violated § 121.311 which holds that, "Seats, safety belts, and shoulder harnesses.

   (a) No person may operate an airplane unless there are available during the takeoff, en route flight, and landing—

      (1) An approved seat or berth for each person on board the airplane who has reached his second birthday; and

      (2) An approved safety belt for separate use by each person on board the airplane who has reached his second birthday, except that two persons occupying a berth may share one approved safety belt and two persons occupying a multiple lounge or divan seat may share one approved safety belt during en route flight only.

(b) Except as provided in this paragraph, each person on board an airplane operated under this part shall occupy an approved seat or berth with a separate safety belt properly secured about him or her during movement on the surface, takeoff, and landing. A safety belt provided for the occupant of a seat may not be used by more than one person who has reached his or her second birthday...

59.  That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

60.  That by reason of the aforesaid, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts and makes a demand for same.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GOKHAN MUTLU

61.  The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

62.  That the Defendants, their agents, servants and employees acting within the scope of their employment, in discriminating against the Plaintiff based on his race, religion, color and/or creed.

63.  That at all times hereinafter mentioned, the Defendant JETBLUE, violated Title 14, Section 125 of the USC.

64.  That at all times hereinafter mentioned, the Defendant JETBLUE, violated the statue which holds that ".

65.  The Defendant, JETBLUE AIRWAYS CORPORATION, violated § 125.211 which holds that, "Seat and safety belts

(a) No person may operate an airplane unless there are available during the takeoff, en route flight, and landing—

(1) An approved seat or berth for each person on board the airplane who is at least 2 years old; and

(2) An approved safety belt for separate use by each person on board the airplane who is at least 2 years old, except that two persons occupying a berth may share one approved safety belt and two persons occupying a

multiple lounge or divan seat may share one approved safety belt during en route flight only.

(b) Except as provided in paragraphs (b)(1) and (b)(2) of this section, each person on board an airplane operated under this part shall occupy an approved seat or berth with a separate safety belt properly secured about him or her during movement on the surface, takeoff, and landing. A safety belt provided for the occupant of a seat may not be used for more than one person who has reached his or her second birthday.

66. That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

67. That by reason of the aforesaid, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts and makes a demand for same.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GOKHAN MUTLU

68. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

69. That at all times hereinafter mentioned, the Defendant, JETBLUE AIRWAYS CORPORATION, violated its own rules and regulations.

70. That at all times hereinafter mentioned, the Defendant, JETBLUE AIRWAYS CORPORATION, violated the Passenger's Bill of Rights. .

71. That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

72. That by reason of the aforesaid, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts and makes a demand for same.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GOKHAN MUTLU

73.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

74.    That the Defendants, JETBLUE AIRWAYS CORPORATION, was careless and reckless in hiring, training, supervising and retaining as and for its employees, the above mentioned Defendant PILOT and Defendant FLIGHT ATENDANT in that the said defendants lacked the experience, deportment and ability to be employed by the Defendant JETBLUE AIRWAYS CORPORATION for the capacity hired and retained.

75.    That the Defendant, JETBLUE AIRWAYS CORPORATION, failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as an employee of the aforementioned Defendant JETBLUE AIRWAYS CORPORATION.

76.    That the Defendant, JETBLUE AIRWAYS CORPORATION, failed to investigate the above named Defendant employees backgrounds in that they hired and retained as employee of their airline the Defendant employees herein, who lacked the maturity, sensibility and intelligence to be employed for the positions for which they were hired and retained, respectively.

77.    That the Defendant JETBLUE AIRWAYS CORPORATION knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees.

78.    That the Defendant JETBLUE AIRWAYS CORPORATION failed to train and supervise and/or properly train and supervise said Defendant employees.

79.    That the Defendant JETBLUE AIRWAYS CORPORATION, its agents, servants and employees were otherwise careless, negligent, wanton and reckless.

80.    That the aforesaid occurrence, to wit: the removal of the Plaintiff from his assigned seat and the events following with the resulting injuries to mind therefrom, were caused wholly and solely by reason of the negligence of the Defendants, their agents, servants and employees without any negligence on the part of the Plaintiff.

81.    That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

82.    The Plaintiff has expended and incurred divers sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the Defendants, their agents, servants and

employees, including counsel fees and disbursements, and; upon information and belief the Plaintiff will expend further sums in that direction, and the plaintiff has been otherwise damaged.

83.   That by reason of the aforesaid, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts and makes a demand for same.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GOKHAN MUTLU

84.   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

85.   That at all times hereinafter mentioned, the Defendants acts and actions, as set forth herein, were conducted intentionally, with conscious awareness of the acts/actions and the ramifications thereof.

86.   That at all times hereinafter mentioned, the Defendants acts and actions, as set forth herein, were conducted negligently, carelessly, and recklessly.

87.   Defendants' acts and actions, as set forth herein, were extreme and outrageous to such extent that the acts and action were and are atrocious and intolerable in a civilized society.

88.   Defendants' acts and actions, as set forth herein, were so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

89.   Defendants caused Plaintiff to fear for Plaintiff's own safety

90.   Defendants' breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

## AS AND FOR AN EIGHT CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GOKHAN MUTLU

91.   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length.

92.   That at all times herein, the Defendants were intentional, malicious, wanton, reckless and/or their actions and inaction constituted gross negligence.

93.   That by reason of the aforesaid breach, Plaintiff seeks an amount in Punitive Damages, which exceeds the jurisdictional limits of all lower Courts.

## CPLR 1602 EXCEPTIONS

94.   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

95.   Plaintiff's lawsuit falls within one or more of the enumerated exceptions of article 1602 of the CPLR and specifically sections 1602(2) (iv), 1602(6), 1602(7), 1602(10) and/or 1602(11),

WHEREFORE, Plaintiff demands judgment against Defendants, severally and jointly:

a.   Compensatory damages on Causes of Action First through Seventh each in an amount which exceeds the jurisdictional limits of all lower Courts;

b.   Punitive damages on Causes of Action First through Seventh each in the amount of two million dollars;

c.   All together with interest, costs and disbursements;

d.   Such other and further relief as this Court deems just and proper.

Dated:  April 30, 2008
        New York, New York

Respectfully Submitted,

AKIN & SMITH, LLC
Attorneys for Plaintiff(s)

By: Zafer A. Akin
308 Broadway, Suite 1101
New York, New York 10007
(212) 587-0760

**EXHIBIT 2**

## AKIN & SMITH, LLC

ATTORNEYS AT LAW
SUITE 1101
305 BROADWAY
NEW YORK, NEW YORK 10007
TEL. (212) 587-0760    FAX. (212) 587-4169

ZAFER A. AKIN *
DEREK T. SMITH **

ISMAIL S. SEKENDIZ†

* ADMITTED NY & NJ BARS
** ADMITTED NY, NJ & PA BARS
† ADMITTED NY & ISTANBUL BARS

June 16, 2008

VIA FACSIMILE and FIRS CLASS MAIL

United States District Court
Southern District of New York
Hon. Loretta A. Preska
United States District Judge
500 Pearl Street, Room 1320
New York, New York 10007
Facsimile Number 212-805-7941

Holland and Knight, LLP
Attn: Robert J. Burns, Esq.
195 Broadway
New York, New York 10007
Facsimile Number 212-385-9010

RE:  Gokhan Mutlu v. JetBlue Airways Corporation
Index No.  08 CV 4887 (LAP)

Dear Judge Preska and Mr. Burns:

This is in response to the Court's Order directing the plaintiff to advise the Court whether he wishes to amend the Complaint. Although we believe the Complaint clearly sets forth the Plaintiff's claims, in a good faith attempt to resolve the matter without further taking the Court's time, the Plaintiff will amend the complaint on or before June 26, 2008, the date provided by the Court.

Sincerely yours,

AKIN & SMITH, LLC

Zafer A. Akin (ZAA 1651)

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GOKHAN MUTLU,

                              Plaintiff(s),          **AMENDED COMPLAINT**

                                                     **08 CIV 4887**
        - against -
                                                     **CIVIL ACTION**

JETBLUE AIRWAYS CORPORATION,
PILOT, true identity unknown, and                    **Plaintiff Demands a Jury of 6 Jurors**
FLIGHT ATTENDANT, true identity unknown,

                              Defendant(s).
-------------------------------------------------------X

    Plaintiff(s), by his attorneys, AKIN & SMITH, LLC, upon information and belief, complain of

the defendants herein as follows:

1.    At all times hereinafter mentioned, the Plaintiff GOKHAN MUTLU, was and is a
      resident of the County, City and State of New York.

2.    At all times hereinafter mentioned, Defendant JETBLUE AIRWAYS
      CORPORATION, was and is an entity organized and existing by virtue of the Laws
      of the State of New York.

3.    At all times hereinafter mentioned, Defendant JETBLUE AIRWAYS
      CORPORATION, was and is a foreign entity authorized to conduct business in the
      State of New York.

4.    At all times hereinafter mentioned, Defendant JETBLUE AIRWAYS
      CORPORATION, was and is an entity engaged in the business of operating an airline.

5.    At all times hereinafter mentioned, Defendant, PILOT (true identity unknown) was
      and is a resident of the State of New York.

6.    At all times hereinafter mentioned, Defendant, FLIGHT ATENDANT (true identity
      unknown) was and is a resident of the State of New York.

7.    At all times hereinafter mentioned, Defendant, PILOT (true identity unknown) and
      Defendant FLIGHT ATENDANT (true identity unknown), (hereinafter jointly as
      Employee Defendants or Defendant Employees) were and continue to be employed by
      the Defendant JETBLUE AIRWAYS CORPORATION.

8.  At all times hereinafter mentioned, the Plaintiff acquired a ticket by use of a "body pass" voucher given to him.

9.  The "body pass" voucher granted the Plaintiff the right to acquire a ticket to travel on a "stand by" basis, i.e., provided there is room on the aircraft.

10. That the Plaintiff was scheduled to travel from New York to San Diego on February 16, 2008 and return on February 23, 2008.

11. The Plaintiff's flight was scheduled to depart on or about 1:30 pm on February 23, 2008.

12. The Plaintiff was advised that there were no seats available on the flight scheduled to leave on or about 1:30 pm and that he would have to take the next available flight to New York.

13. The Plaintiff was then advised he would be able to fly back to New York on the flight that was scheduled to depart on or about 9:30 pm.

14. Shortly before check in, the Plaintiff was advised that the plane appeared to be full with a JETBLUE AIRWAYS CORPORATION employee, Flight Attendant, taking the last available seat.

15. Thereafter, the Plaintiff was advised that the Defendant, FLIGHT ATTENDANT would take the "jump seat" which was available and that the Plaintiff could take the flight scheduled to depart on or about 9:30 pm.

16. The Plaintiff was issued his boarding pass and boarded the aircraft taking seat 2E.

17. Approximately 1½ hour into the flight as the Plaintiff was dozing off, the Defendant, PILOT called the Plaintiff towards the front of the plane, towards the cockpit, and advised the Plaintiff that he would have to give his seat up to the Defendant, FLIGHT ATTENDANT.

18. The Plaintiff was puzzled and asked what was going on to which the Defendant PILOT responded, that the Defendant FLIGHT ATTENDANT wanted to be more comfortable and that the "jump seat" was not comfortable for her.

19. The Plaintiff asked if he was being directed to surrender the seat issued to him and to take the "jump seat" for the remaining part of the flight, which was about 3½ hours.

20. The Defendant PILOT then advised the Plaintiff that he was not allowed to take the "jump seat" that said seat was for personnel only.

21.   Even more puzzled and perplexed, the Plaintiff asked if the Pilot was directing him to stand for the remaining part of the flight?

22.   The Pilot responded by telling the Plaintiff to go and "hang out" in the bathroom.

23.   While the conversation was taking place, the Flight Attendant took the Plaintiff's seat (seat 2E).

24.   The Plaintiff could not believe what he was hearing, with everyone around looking and staring at him, at the flight attendant and the Pilot.

25.   The Plaintiff was embarrassed, humiliated, mortified, disgraced, degraded and still shocked beyond belief.

26.   The Pilot then became angry at the Plaintiff's reluctance to go to the back of the plane to take his place in the rest room and took a much harsher tone with the Plaintiff, advising him that he was the Pilot, that this was his plane, under his command, and that the Plaintiff should be grateful for being onboard.

27.   The Plaintiff walked to the back of the plane, trying to hide and cover his face, embarrassed, humiliated, mortified, disgraced, and degraded.

28.   The Plaintiff quietly stepped into the bathroom, closed the door and locked it. He could not believe this was happening.

29.   Approximately one hour later, which seemed like eternity, it appeared as if a passenger was trying to open the door. The Plaintiff stepped out and saw two male flight attendants near their station. He pardoned himself to advise them that he was in the bathroom because the Pilot ordered him to stay there for the duration of the flight, in extreme humiliation, to which they laughed and responded by saying something to the sort, "yeah we know, just go back in there." The Plaintiff's embarrassment, and humiliation rose to new heights.

30.   Shortly after taking his place back in the restroom, the aircraft experienced turbulence and a light/announcement came on directing the passengers to return to their seats and to buckle their seatbelts. The Plaintiff had no seat to return to, sitting on a toilet stool with no seatbelts. A tremendous sense of fear started to engulf the Plaintiff in addition to the prior embarrassment and humiliation that he was feeling as the aircraft continued to shake and rattle.

31.   After the turbulence subsided, the Plaintiff continued to be imprisoned in the restroom.

32.   Thereafter, a male flight attended knocked on the door and advised the Plaintiff that they are expecting more turbulence and that he is to return back to seat 2E.

33.    The Plaintiff walked back to his seat embarrassed, humiliated, mortified, disgraced, degraded and still shocked beyond belief and quietly took his seat and put his seatbelt on trying to cover his face from the passengers nearby.

34.    The young lady that was sitting next to the Plaintiff started to give the Plaintiff weird looks then inquired as to what it was that he did to which the Plaintiff felt he had to defend himself trying to explain that he did nothing wrong, that it was the Pilot's Order.

35.    The Plane landed at John F. Kennedy airport in New York around 5:30 am.

36.    Still embarrassed and humiliated the Plaintiff tried to run out of the plane. As he was walking out, the Pilot stopped him and asked if everything was okay. The Plaintiff replied, NO, it's not okay.

37.    The Pilot then took a harsh tone and said you looked annoyed. To which the Plaintiff responded, "I can't believe you made me sit in the bathroom for over three hours."

38.    The Pilot took a harsher tone and replied telling the Plaintiff he should be thankful that he [the Pilot] let him on the plane at all.

39.    That at all times hereinafter mentioned, the Defendant, JETBLUE AIRWAYS CORPORATION, violated its own rules and regulations with regard to the manner in which it treated the Plaintiff.

40.    That at all times hereinafter mentioned, the Defendant, JETBLUE AIRWAYS CORPORATION, violated the Passenger's Bill of Rights with regard to the manner in which it treated the Plaintiff.

AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF
PLAINTIFF, GOKHAN MUTLU FOR INTENTIONAL AND/OR
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

42.    That at all times hereinafter mentioned, the Defendant JETBLUE, violated 49 U.S.C. § 40127 and 49 C.F.R. § 374.101.

43.    That at all times hereinafter mentioned, the Defendant JETBLUE, violated the statue which holds that "(a) Persons in Air Transportation. An air carrier or foreign air

carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry."

44.     That at all times hereinafter mentioned, the Defendant JETBLUE, violated the statue which holds that "No motor common carrier of passengers subject to 49 U.S.C. subtitle IV, part B shall operate a motor vehicle in interstate or foreign commerce on which the seating of passengers is based upon race, color, creed, or national origin."

45.     That the Defendants, their agents, servants and employees acting within the scope of their employment, in discriminating against the Plaintiff based on his race, religion, color and/or creed.

46.     That the Defendants, their agents, servants and employees acting within the scope of their employment, publicly, wickedly and maliciously, degraded, embarrassed, ridiculed, humiliated and dishonored the Plaintiff because of his race, religion, color and/or creed.

47.     That the plaintiff was then and there prevented and hindered from performing and transacting his necessary affairs and business.

48.     That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

49.     That by reason of the aforesaid, the Defendants, intentionally and/or negligently caused the plaintiff to suffer much mental, emotional and psychological trauma and distress and caused the Plaintiff to be damaged in an amount which is to be determined at time of trial.


AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF
PLAINTIFF, GOKHAN MUTLU FOR INTENTIONAL AND/OR
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

50.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

51.     That at all times hereinafter mentioned, Defendants PILOT and FLIGHT ATENDANT were employed in their respective capacities by the Defendant, JETBLUE AIRWAYS CORPORATION.

52.     That at all times hereinafter mentioned, Defendants PILOT and FLIGHT ATENDANT were acting under the official capacity and authority and their acts were

performed under the policies, rules and regulations of Defendant JETBLUE AIRWAYS CORPORATION.

53.    That during all times hereinafter mentioned, the defendant employees acted under color and pretense of law [FAA, CFR], to wit: under color of the statutes, ordinances, regulations, customs and usages of JETBLUE AIRWAYS CORPORATION, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the Plaintiff, GOKHAN MUTLU, and deprived the plaintiff of the rights, privileges and immunities secured to the Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States and the Laws of the United States of America and the Laws, Rules, Regulations, Statues and Ordinances of the City and State of New York.

54.    That the Defendant JETBLUE AIRWAYS CORPORATION and the Defendant Employees, acting under color of law [FAA, CFR], have subjected the Plaintiff to a pattern of conduct consisting of illegal discrimination, harassment, in denial of rights, privileges and immunities guaranteed to the Plaintiff, GOKHAN MUTLU, and other citizens by the Constitution of the United States, the City and State of New York.

55.    That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

56.    That by reason of the aforesaid, the Defendants, intentionally and/or negligently caused the plaintiff to suffer much mental, emotional and psychological trauma and distress and caused the Plaintiff to be damaged in an amount which is to be determined at time of trial.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GOKHAN MUTLU FOR INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

58.    That the Defendants, their agents, servants and employees acting within the scope of their employment, violated the rules, regulations, statutes and/or ordinances of the United States of America.

59.    That at all times hereinafter mentioned, the Defendant JETBLUE, violated 14 C.F.R. § 121.311.

60.    The Defendant, JETBLUE AIRWAYS CORPORATION, violated the statute which holds that, "Seats, safety belts, and shoulder harnesses.

(a) No person may operate an airplane unless there are available during the takeoff, en route flight, and landing—

(1) An approved seat or berth for each person on board the airplane who has reached his second birthday; and

(2) An approved safety belt for separate use by each person on board the airplane who has reached his second birthday, except that two persons occupying a berth may share one approved safety belt and two persons occupying a multiple lounge or divan seat may share one approved safety belt during en route flight only.

(b) Except as provided in this paragraph, each person on board an airplane operated under this part shall occupy an approved seat or berth with a separate safety belt properly secured about him or her during movement on the surface, takeoff, and landing. A safety belt provided for the occupant of a seat may not be used by more than one person who has reached his or her second birthday…

61.    That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

62.    That by reason of the aforesaid, the Defendants, intentionally and/or negligently caused the plaintiff to suffer much mental, emotional and psychological trauma and distress and caused the Plaintiff to be damaged in an amount which is to be determined at time of trial.

AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF
PLAINTIFF, GOKHAN MUTLU FOR INTENTIONAL AND/OR
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

63.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

64.    That the Defendants, their agents, servants and employees acting within the scope of their employment, violated the rules, regulations, statutes and/or ordinances of the United States of America.

65. That at all times hereinafter mentioned, the Defendant JETBLUE, violated 14 C.F.R. § 125.211.

66. That at all times hereinafter mentioned, the Defendant JETBLUE, violated the statue which holds that ".

67. The Defendant, JETBLUE AIRWAYS CORPORATION, violated the statute which holds that, "Seat and safety belts

(a) No person may operate an airplane unless there are available during the takeoff, en route flight, and landing—

(1) An approved seat or berth for each person on board the airplane who is at least 2 years old; and

(2) An approved safety belt for separate use by each person on board the airplane who is at least 2 years old, except that two persons occupying a berth may share one approved safety belt and two persons occupying a multiple lounge or divan seat may share one approved safety belt during en route flight only.

(b) Except as provided in paragraphs (b)(1) and (b)(2) of this section, each person on board an airplane operated under this part shall occupy an approved seat or berth with a separate safety belt properly secured about him or her during movement on the surface, takeoff, and landing. A safety belt provided for the occupant of a seat may not be used for more than one person who has reached his or her second birthday.

68. That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

69. That by reason of the aforesaid, the Defendants, intentionally and/or negligently caused the plaintiff to suffer much mental, emotional and psychological trauma and distress and caused the Plaintiff to be damaged in an amount which is to be determined at time of trial.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GOKHAN MUTLU FOR INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

70.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

71.    That the Defendants, JETBLUE AIRWAYS CORPORATION, was careless and reckless in hiring, training, supervising and retaining as and for its employees, the above mentioned Defendant PILOT and Defendant FLIGHT ATENDANT in that the said defendants lacked the experience, deportment and ability to be employed by the Defendant JETBLUE AIRWAYS CORPORATION for the capacity hired and retained.

72.    That the Defendant, JETBLUE AIRWAYS CORPORATION, failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as an employee of the aforementioned Defendant JETBLUE AIRWAYS CORPORATION.

73.    That the Defendant, JETBLUE AIRWAYS CORPORATION, failed to investigate the above named Defendant employees backgrounds in that they hired and retained as employee of their airline the Defendant employees herein, who lacked the maturity, sensibility and intelligence to be employed for the positions for which they were hired and retained, respectively.

74.    That the Defendant JETBLUE AIRWAYS CORPORATION knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees.

75.    That the Defendant JETBLUE AIRWAYS CORPORATION failed to train and supervise and/or properly train and supervise said Defendant employees.

76.    That the Defendant JETBLUE AIRWAYS CORPORATION, its agents, servants and employees were otherwise careless, negligent, wanton and reckless.

77.    That the aforesaid occurrence, to wit: the removal of the Plaintiff from his assigned seat and the events following with the resulting injuries to mind therefrom, were caused wholly and solely by reason of the negligence of the Defendants, their agents, servants and employees without any negligence on the part of the Plaintiff.

78.    That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

79.    That by reason of the aforesaid, the Defendants, intentionally and/or negligently caused the plaintiff to suffer much mental, emotional and psychological trauma and

distress and caused the Plaintiff to be damaged in an amount which is to be determined at time of trial.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GOKHAN MUTLU FOR FALSE AND/OR WRONGFUL IMPRISONMENT

80.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length.

81.     That at all times hereinafter mentioned, the Defendants falsely and wrongfully imprisoned the Plaintiff to the lavatory of the aircraft without his consent and over his objection.

82.     That at all times hereinafter mentioned, the Plaintiff was fully aware and conscious of the imprisonment.

83.     That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

84.     That by reason of the aforesaid, the Defendants, intentionally and/or negligently caused the plaintiff to suffer much mental, emotional and psychological trauma and distress and caused the Plaintiff to be damaged in an amount which is to be determined at time of trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, GOKHAN MUTLU FOR PUNITIVE DAMAGES

85.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

86.     That at all times hereinafter mentioned, the Defendants acts and actions, as set forth herein, were conducted intentionally and maliciously, with conscious awareness of the acts/actions and the ramifications thereof with wanton reckless disregard.

87.     Defendants' acts and actions, as set forth herein, were extreme and outrageous to such extent that the acts and action were and are atrocious and intolerable in a civilized society.

88.    Defendants' acts and actions, as set forth herein, were so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

89.    That by reason of the aforesaid breach, Plaintiff seeks an amount in Punitive Damages, in an amount which is to be determined at time of trial.


WHEREFORE, Plaintiff demands judgment against Defendants, severally and jointly as follows:

        a.    Compensatory damages on Causes of Action First through Sixth, each in an amount which is to be determined at time of trial;

        b.    Punitive damages in an amount which is to be determined at time of trial;

        c.    All together with interest, costs and disbursements;

        d.    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 16, 2008

                           Respectfully Submitted,

                           AKIN & SMITH, LLC
                           Attorneys for Plaintiff(s)

                           By: Zafer A. Akin (ZAA 1651)
                           305 Broadway, Suite 1101
                           New York, New York 10007
                           (212) 587-0760

**EXHIBIT 4**

Plaintiff(s), by his attorneys, AKIN & SMITH, LLC, upon information and belief, complain of the defendants herein as follows:

Deleted: their

Deleted: P C

Deleted: of Bronx

1.    At all times hereinafter mentioned, the Plaintiff GOKHAN MUTLU, was and is a resident of the County, City and State of New York.

2.    At all times hereinafter mentioned, Defendant JETBLUE AIRWAYS CORPORATION, was and is an entity organized and existing by virtue of the Laws of the State of New York.

3.    At all times hereinafter mentioned, Defendant JETBLUE AIRWAYS CORPORATION, was and is a foreign entity authorized to conduct business in the State of New York.

4.    At all times hereinafter mentioned, Defendant JETBLUE AIRWAYS CORPORATION, was and is an entity engaged in the business of operating an airline.

5.    At all times hereinafter mentioned, Defendant, PILOT (true identity unknown) was and is a resident of the State of New York.

6.    At all times hereinafter mentioned, Defendant, FLIGHT ATENDANT (true identity unknown) was and is a resident of the State of New York.

7.    At all times hereinafter mentioned, Defendant, PILOT (true identity unknown) and Defendant FLIGHT ATENDANT (true identity unknown), (hereinafter jointly as Employee Defendants or Defendant Employees) were and continue to be employed by the Defendant JETBLUE AIRWAYS CORPORATION.

8.    At all times hereinafter mentioned, the Plaintiff acquired a ticket by use of a "body pass" voucher given to him.

9.    The "body pass" voucher granted the Plaintiff the right to acquire a ticket to travel on a "stand by" basis, i.e., provided there is room on the aircraft.

10.    That the Plaintiff was scheduled to travel from New York to San Diego on February 16, 2008 and return on February 23, 2008.

11.    The Plaintiffs flight was scheduled to depart on or about 1:30 pm on February 23, 2008.

12.    The Plaintiff was advised that there were no seats available on the flight scheduled to leave on or about 1:30 pm and that he would have to take the next available flight to New York.

13.    The Plaintiff was then advised he would be able to fly back to New York on the flight that was scheduled to depart on or about 9:30 pm.

14.    Shortly before check in, the Plaintiff was advised that the plane appeared to be full with a JETBLUE AIRWAYS CORPORATION employee, Flight Attendant, taking the last available seat.

15.    Thereafter, the Plaintiff was advised that the Defendant, FLIGHT ATTENDANT would take the

"jump seat" which was available and that the Plaintiff could take the flight scheduled to depart on or about 9:30 pm.

16.    The Plaintiff was issued his boarding pass and boarded the aircraft taking seat 2E.

17.    Approximately 1 1/2 hour into the flight as the Plaintiff was dozing off, the Defendant, PILOT called the Plaintiff towards the front of the plane, towards the cockpit, and advised the Plaintiff that he would have to give his seat up to the Defendant, FLIGHT ATTENDANT.

18.    The Plaintiff was puzzled and asked what was going on to which the Defendant PILOT responded, that the Defendant FLIGHT ATTENDANT wanted to be more comfortable and that the "jump seat" was not comfortable for her.

19.    The Plaintiff asked if he was being directed to surrender the seat issued to him and to take the "jump seat" for the remaining part of the flight, which was about 3½ hours.

20.    The Defendant PILOT then advised the Plaintiff that he was not allowed to take the "jump seat" that said seat was for personnel only.

21.    Even more puzzled and perplexed, the Plaintiff asked if the Pilot was directing him to stand for the remaining part of the flight?

22.    The Pilot responded by telling the Plaintiff to go and "hang out" in the bathroom.

23.    While the conversation was taking place, the Flight Attendant took the Plaintiffs seat (seat 2E).

**Deleted:** , closed her eyes and pretended to sleep

24.    The Plaintiff could not believe what he was hearing, with everyone around looking and staring at him, at the flight attendant and the Pilot.

25.    The Plaintiff was embarrassed, humiliated, mortified, disgraced, degraded and still shocked beyond belief.

26.    The Pilot then became angry at the Plaintiffs reluctance to go to the back of the plane to take his place in the rest room and took a much harsher tone with the Plaintiff, advising him that he was the Pilot, that this was his plane, under his command, and that the Plaintiff should be grateful for being onboard.

27.    The Plaintiff walked to the back of the plane, trying to hide and cover his face, embarrassed, humiliated, mortified, disgraced, and degraded.

28.    The Plaintiff quietly stepped into the bathroom, closed the door and locked it. He could not believe this was happening.

29.    Approximately one hour later, which seemed like eternity, it appeared as if a passenger was trying to open the door.  The Plaintiff stepped out and saw two male flight attendants near their station. He pardoned himself to advise them that he was in the bathroom because the Pilot ordered him to stay there for the duration of the flight, in extreme humiliation, to which they laughed and responded by saying something to the sort, "yeah we know, just go back in there." The Plaintiffs embarrassment, and humiliation rose to new heights.

30.     Shortly after taking his place back in the restroom, the aircraft experienced turbulence and a light/announcement came on directing the passengers to return to their seats and to buckle their seatbelts. The Plaintiff had no seat to return to, sitting on a toilet stool with no seatbelts. A tremendous sense of fear started to engulf the Plaintiff in addition to the prior embarrassment and humiliation that he was feeling as the aircraft continued to shake and rattle.

31.     After the turbulence  subsided, the Plaintiff continued to be imprisoned in the restroom.

32.     Thereafter, a male flight attended knocked on the door and advised the Plaintiff that they are expecting more turbulence and that he is to return back to seat 2E.

33.     The Plaintiff walked back to his seat embarrassed, humiliated, mortified, disgraced, degraded and still shocked beyond belief and quietly took his seat and put his seatbelt on trying to cover his face from the passengers nearby.

34.     The young lady that was sitting next to the Plaintiff started to give the Plaintiff weird looks then inquired as to what it was that he did to which the Plaintiff felt he had to defend himself trying to explain that he did nothing wrong, that it was the Pilot's Order.

35.     The Plane landed at John F. Kennedy airport in New York around 5:30 am.

36.     Still embarrassed and humiliated the Plaintiff tried to run out of the plane. As he was walking out, the Pilot stopped him and asked if everything was okay.   The Plaintiff replied, NO, it's not okay.

37.     The Pilot then took a harsh tone and said you looked annoyed. To which the Plaintiff responded, "I can't believe you made me sit in the bathroom for over three hours."

38.     The Pilot took a harsher tone and replied telling the Plaintiff he should be thankful that he [the Pilot] let him on the plane at all.

39.     That at all times hereinafter mentioned, the Defendant, JETBLUE AIRWAYS CORPORATION, violated its own rules and regulations with regard to the manner in which it treated the Plaintiff.

**Comment [L1]:** Relocated from ¶ 69 of original Complaint

40.     That at all times hereinafter mentioned, the Defendant, JETBLUE AIRWAYS CORPORATION, violated the Passenger's Bill of Rights with regard to the manner in which it treated the Plaintiff.

**Comment [L2]:** Relocated from ¶ 70 of original Complaint

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF GOKHAN MUTLU FOR INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

**Deleted:** CFR, Subtitle VII, section

42.     That at all times hereinafter mentioned, the Defendant JETBLUE, violated 49 U.S.C. § 40127 and 49 C.F.R. § 374.101.

43.    That at all times hereinafter mentioned, the Defendant JETBLUE, violated the statue which holds that "(a) Persons in Air Transportation. An air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry."

44.    That at all times hereinafter mentioned, the Defendant JETBLUE, violated the statue which holds that "No motor common carrier of passengers subject to 49 U.S.C. subtitle IV, part B shall operate a motor vehicle in interstate or foreign commerce on which the seating of passengers is based upon race, color, creed, or national origin."

45.    That the Defendants, their agents, servants and employees acting within the scope of their employment, in discriminating against the Plaintiff based on his race, religion, color and/or creed.

46.    That the Defendants, their agents, servants and employees acting within the scope of their employment, publicly, wickedly and maliciously, degraded, embarrassed, ridiculed, humiliated and dishonored the Plaintiff because of his race, religion, color and/or creed.

47.    That the plaintiff was then and there prevented and hindered from performing and transacting his necessary affairs and business,

48.    That ~~as a result of~~ by reason of the aforesaid ~~discrimination,~~ the plaintiff was ~~subjected to mental~~ placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

49.    That by reason of the aforesaid, the ~~plaintiff has been~~ Defendants, intentionally and/or negligently caused the plaintiff to suffer much mental, emotional and psychological trauma and distress and caused the Plaintiff to be damaged in an amount which ~~exceeds the jurisdictional limits of all lower Courts and makes a demand for same~~ is to be determined at time of trial.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF GOKHAN MUTLU FOR INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

50.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

51.    That at all times hereinafter mentioned, Defendants PILOT and FLIGHT ATENDANT were employed in their respective capacities by the Defendant, JETBLUE AIRWAYS CORPORATION.

52.    That at all times hereinafter mentioned, Defendants PILOT and FLIGHT ATENDANT were acting under the official capacity and authority and their acts were performed under the policies, rules and regulations of Defendant JETBLUE AIRWAYS CORPORATION.

53.    That during all times hereinafter mentioned, the defendant employees acted under color and pretense of law [FAA, CFR], to wit: under color of the statutes, ordinances, regulations, customs and usages of JETBLUE AIRWAYS CORPORATION, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the Plaintiff, GOKHAN MUTLU, and deprived the plaintiff of the rights,

**Deleted:** , and he was caused to suffer much pain

privileges and immunities _secured to the Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States and the Laws of the United States of America and the Laws, Rules, Regulations, Statues and Ordinances of the City and State of New York.

54.    That the Defendant JETBLUE AIRWAYS CORPORATION and the Defendant Employees, acting under color of law [FAA, CFR], have subjected the Plaintiff to a pattern of conduct consisting of illegal discrimination, harassment, in denial of rights, privileges and immunities guaranteed to the Plaintiff, GOKHAN MUTLU, and other citizens by the Constitution of the United States, the City and State of New York.

55.    That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

56.    That by reason of the aforesaid, the plaintiff has been Defendants, intentionally and/or negligently caused the plaintiff to suffer much mental, emotional and psychological trauma and distress and caused the Plaintiff to be damaged in an amount which exceeds the jurisdictional limits of all lower Courts and makes a demand for same is to be determined at time of trial

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF GOKHAN MUTLU FOR INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

57.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

58.    That the Defendants, their agents, servants and employees acting within the scope of their employment, in discriminating against the Plaintiff based on his race, religion, color and/or creed violated the rules, regulations, statutes and/or ordinances of the United States of America.

59.    That at all times hereinafter mentioned, the Defendant JETBLUE, violated Title 14, Section 121 of the USC 14 C.F.R. § 121.311.

60.    The Defendant, JETBLUE AIRWAYS CORPORATION, violated the statute which holds that, "Seats, safety belts, and shoulder harnesses.

        (a)      No person may operate an airplane unless there are available during the takeoff, en route flight, and landing—

                (1) An approved seat or berth for each person on board the airplane who has reached his second birthday; and

                (2) An approved safety belt for separate use by each person on board the airplane who has reached his second birthday, except that two persons occupying a berth may share one approved safety belt and two persons occupying a multiple lounge or divan seat may share one approved safety

Deleted: has

Deleted: the statue which holds that*

Deleted: § 121.311

belt during en route flight only.

(b)     Except as provided in this paragraph, each person on board an airplane operated under this part shall occupy an approved seat or berth with a separate safety belt properly secured about him or her during movement on the surface, takeoff, and landing. A safety belt provided for the occupant of a seat may not be used by more than one person who has reached his or her second birthday...

61.     That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

62.     That by reason of the aforesaid, the ~~plaintiff has been~~ Defendants, intentionally and/or negligently caused the plaintiff to suffer much mental, emotional and psychological trauma and distress and caused the Plaintiff to be damaged in an amount which ~~exceeds the jurisdictional limits of all lower Courts and makes a demand for same~~ is to be determined at time of trial.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF GOKHAN MUTLU FOR INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

63.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

64.     That the Defendants, their agents, servants and employees acting within the scope of their employment, ~~in discriminating against the Plaintiff based on his race, religion, color and/or creed~~ violated the rules, regulations, statutes and/or ordinances of the United States of America.

65.     That at all times hereinafter mentioned, the Defendant JETBLUE, violated ~~Title 14, Section 125 of the USC~~ 14 C.F.R. § 125.211.

66.     That at all times hereinafter mentioned, the Defendant JETBLUE, violated the statue which holds that".

67.     The Defendant, JETBLUE AIRWAYS CORPORATION, violated the statute which holds that, "Seat and safety belts

(a)     No person may operate an airplane unless there are available during the takeoff, en route flight, and landing—

(1) An approved seat or berth for each person on board the airplane who is at least 2 years old; and

(2) An approved safety belt for separate use by each person on board the airplane who is at least 2 years old, except that two persons occupying a berth may share one approved safety belt and two persons occupying a multiple lounge or divan seat may share one approved safety belt during en route flight only.

> **Deleted:** § 125.211

(b)    Except as provided in paragraphs (b)(l) and (b)(2) of this section, each person on board an airplane operated under this part shall occupy an approved seat or berth with a separate safety belt properly secured about him or her during movement on the surface, takeoff, and landing. A safety belt provided for the occupant of a seat may not be used for more than one person who has reached his or her second birthday.

68.    That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

69.    That by reason of the aforesaid, the ~~plaintiff has been~~ Defendants, intentionally and/or negligently caused the plaintiff to suffer much mental, emotional and psychological trauma and distress and caused the Plaintiff to be damaged in an amount which ~~exceeds the jurisdictional limits of all lower Courts and makes a demand for same~~ is to be determined at time of trial..

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF GOKHAN MUTLU FOR INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

> **Comment [L3]:** The Fifth Cause of Action in Plaintiff's original Complaint, asserting claims for violation of JetBlue's "own rules and regulations" and the "Passenger's Bill of Right," was deleted, and the substantive allegations relocated to ¶¶ 39-40 of the Amended Complaint.

70.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

71.    That the Defendants, JETBLUE AIRWAYS CORPORATION, was careless and reckless in hiring, training, supervising and retaining as and for its employees, the above mentioned Defendant PILOT and Defendant FLIGHT ATENDANT in that the said defendants lacked the experience, deportment and ability to be employed by the Defendant JETBLUE AIRWAYS CORPORATION for the capacity hired and retained.

72.    That the Defendant, JETBLUE AIRWAYS CORPORATION, failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as an employee of the aforementioned Defendant JETBLUE AIRWAYS CORPORATION.

73.    That the Defendant, JETBLUE AIRWAYS CORPORATION, failed to investigate the above named Defendant employees backgrounds in that they hired and retained as employee of their airline the Defendant employees herein, who lacked the maturity, sensibility and intelligence to be employed for the positions for which they were hired and retained, respectively.

74.    That the Defendant JETBLUE AIRWAYS CORPORATION knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees.

75.    That the Defendant JETBLUE AIRWAYS CORPORATION failed to train and supervise and/or properly train and supervise said Defendant employees.

76.    That the Defendant JETBLUE AIRWAYS CORPORATION, its agents, servants and employees were

otherwise careless, negligent, wanton and reckless.

77.    That the aforesaid occurrence, to wit: the removal of the Plaintiff from his assigned seat and the events following with the resulting injuries to mind therefrom, were caused wholly and solely by reason of the negligence of the Defendants, their agents, servants and employees without any negligence on the part of the Plaintiff.

78.    That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed.

79.    ,That by reason of the aforesaid, the ~~plaintiff has been~~ Defendants, intentionally and/or negligently caused the plaintiff to suffer much mental, emotional and psychological trauma and distress and caused the Plaintiff to be damaged in an amount which ~~exceeds the jurisdictional limits of all lower Courts and makes a demand for same~~ is to be determined at time of trial..

AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF GOKHAN MUTLU FOR FALSE AND/OR WRONGFUL IMPRISONMENT

80.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

81.    That at all times hereinafter mentioned, the Defendants falsely and wrongfully imprisoned the Plaintiff to the lavatory of the aircraft without his consent and over his objection.

82.    That at all times hereinafter mentioned, the Plaintiff was fully aware and conscious of the imprisonment.

83.    That by reason of the aforesaid, the plaintiff was placed in peril, was injured in mind and caused to suffer and will continue to suffer mental pain, emotional and psychological trauma, fear, great indignities, humiliation, embarrassment and ridicule, having been mortified, disgraced, degraded, and shamed

84.    That by reason of the aforesaid, the Defendants, intentionally and/or negligently caused the plaintiff to suffer much mental, emotional and psychological trauma and distress and caused Plaintiff to be damaged in an amount which is to be determined at time of trial

AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF GOKHAN MUTLU FOR PUNITIVE DAMAGES

85.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length

**Deleted:** <#>The Plaintiff has expended and incurred divers sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the Defendants, their agents, servants and employees, including counsel fees and disbursements, and; upon information and belief the Plaintiff will expend further sums in that direction, and the plaintiff has been otherwise damaged¶
¶

86.    That at all times hereinafter mentioned, the Defendants acts and actions, as set forth herein, were conducted intentionally and maliciously, with conscious awareness of the acts/actions and the ramifications thereof with wanton reckless disregard.

87.    Defendants' acts and actions, as set forth herein, were extreme and outrageous to such extent that the acts and action were and are atrocious and intolerable in a civilized society.

88.    Defendants' acts and actions, as set forth herein, were so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

89.    That by reason of the aforesaid breach, Plaintiff seeks an amount in Punitive Damages which exceeds the jurisdictional limits of all lower Courts in an amount which is to be determined at time of trial.

CPLR 1602 EXCEPTIONS

94.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length.

95.    Plaintiff's lawsuit falls within one or more of the enumerated exceptions of article 1602 of the CPLR and specifically sections 1602(2)(iv), 1602(6), 1602(7), 1602(10) and/or 1602(11).

WHEREFORE, Plaintiff demands judgment against Defendants, severally and jointly as follows:

a.    Compensatory damages on Causes of Action First through Seventh Sixth each in an amount which exceeds the jurisdictional limits of all lower Courts is to be determined at time of trial;

b.    Punitive damages on Causes of Action First through Seventh each in the amount of two million dollars in an amount which is to be determined at time of trial;

c.    All together with interest, costs and disbursements;

d.    Such other and further relief as this Court deems just and proper.

# 5419370_v1