UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GOKHAN MUTLU,

                              Plaintiff,

        - against -                                          08 CV 4887 (LAP)

JETBLUE AIRWAYS CORPORATION,
PILOT, true identity unknown, and
FLIGHT ATTENDANT, true identity unknown,

                              Defendants.
-------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)


HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
(212) 513-3200

*Counsel for Defendant*
*JetBlue Airways Corporation*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ...................................................................................................................... 4

PLAINTIFF'S AMENDED COMPLAINT STATES NO VIABLE CLAIM UNDER
FEDERAL CONSTITUTIONAL, STATUTORY, OR REGULATORY LAW ........................... 4

    A.   Plaintiff's First Cause Of Action States No Viable Federal Claim ...................................... 4

          1. No Private Right of Action Exists Under 49 U.S.C. § 40127(a)..................................... 5

          2. Plaintiff Has Failed to Plead Discrimination.................................................................. 8

    B.   Plaintiff's Second Cause of Action State No Federal Constitutional Claim ......................... 9

    C.   Plaintiff's Third and Fourth Causes of Action State No Viable Federal Claim ................. 11

THE STATE LAW CLAIMS ASSERTED IN PLAINTIFF'S AMENDED COMPLAINT
ARE WITHOUT MERIT .................................................................................................. 13

    A.   Plaintiff's State Law Claims Are Thinly-Disguised Federal Claims For Which
There Is No Private Right Of Action. ..................................................................................... 13

    B.   Plaintiff's State Law Tort Claims Are Preempted................................................................. 14

          1. Plaintiff's State Law Claims Are Expressly Preempted Under the Airline
Deregulation Act........................................................................................................... 14

          2. Plaintiff's State Law Claims are Impliedly Preempted Under the Federal Aviation
Act And Attendant Federal Regulations ....................................................................... 16

CONCLUSION.................................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abdullah v. American Airlines Inc.*,
  181 F.3d 363 (3d Cir. 1999)....................................................................17, 18, 19

*Air Line Pilots Assoc. Int'l v. Quesada*,
  276 F.2d 892 (2d Cir. 1960)...........................................................................17, 18

*Air Transport Ass'n of America Inc. v. Cuomo*,
  520 F.3d 218 (2d Cir. 2008)..............................................................15, 17, 18, 19

*Aldana v. Air East Airways, Inc.*,
  477 F. Supp. 2d 489 (D. Conn. 2007).....................................................................19

*Alexander v. Sandoval*,
  532 U.S. 275 (2001)............................................................................5, 6, 12

*American Airlines, Inc. v. Wolens*,
  513 U.S. 219 (1995)...............................................................................15

*Bellikoff v. Eaton Vance Corp.*,
  481 F.3d 110 (2d Cir. 2007)........................................................................5, 6

*Bonano v. East Caribbean Airline Corp.*,
  365 F.3d 81 (1st Cir. 2004)......................................................................11, 12

*Boswell v. Skywest Airlines, Inc.*,
  361 F.3d 1263 (10th Cir. 2004) .....................................................................8, 12

*Broder v. Cablevision Sys. Corp.*,
  418 F.3d 187 (2d Cir. 2005).........................................................................13

*Buck v. American Airlines, Inc.*,
  476 F.3d 29 (1st Cir. 2007).........................................................................12

*Cal. Fed. Sav. & Loan Ass'n v. Guerra*,
  479 U.S. 272 (1987)................................................................................17

*Casas v. American Airlines, Inc.*,
  304 F.3d 517 (5th Cir. 2002) ........................................................................12

*Cerqueira v. American Airlines, Inc.*,
  520 F.3d 1 (1st Cir. 2008)...........................................................................7

*Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp.*,
    333 U.S. 103 (1948)............................................................................................18

*City of Burbank v. Lockheed Air Terminal, Inc.*,
    411 U.S. 624 (1973)....................................................................................17, 18

*Correctional Servs. Corp. v. Malesko*,
    534 U.S. 61 (2001)..............................................................................................6

*Curtin v. Port Authority of New York*,
    183 F. Supp. 2d 664 (S.D.N.Y. 2002)........................................................17, 19

*Drake v. Delta Air Lines, Inc.*,
    147 F.3d 169 (2d Cir. 1998)........................................................................11, 12

*Edmond v. Hartford Ins. Co.*,
    27 Fed. Appx. 51 (2d Cir. 2001)........................................................................10

*Elnajjar v. Northwest Airlines, Inc.*,
    No. Civ. A H-04-680, 2005 WL 1949545 (S.D. Tex. Aug. 15, 2005) ................7, 15

*Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*,
    458 U.S. 141 (1982)..........................................................................................17

*Freightliner Corp. v. Myrick*,
    514 U.S. 280 (1995)..........................................................................................17

*French v. Pan Am Express*,
    869 F.2d 1 (1st Cir. 1989)..................................................................................19

*G.S. Rasmussen & Assocs. Inc. v. Kalitta Flying Service, Inc.*,
    958 F.2d 896 (9th Cir. 1992) ............................................................................12

*Gonzaga Univ. v. Doe*,
    536 U.S. 273 (2002)............................................................................................5

*Greene v. B.F. Goodrich Aviation Systems, Inc.*,
    409 F.3d 784 (6th Cir. 2005) ............................................................................19

*Gregory v. Daly*,
    243 F.3d 687 (2d Cir. 2001)................................................................................4

*Grochowski v. Phoenix Constr.*,
    318 F.3d 80 (2d Cir. 2003)................................................................................13

*Hishon v. King & Spalding*,
    467 U.S. 69 (1984)..............................................................................................4

*Loce v. Time Warner Entm't Advance, 10*
    191 F.3d 256, 266 (2d Cir. 1999)................................................................10

*Love v. Delta Air Lines,*
    310 F.3d 1347 (11th Cir. 2002) ...............................................................8

*Mills v. Polar Molecular Corp.,*
    12 F.3d 1170 (2d Cir. 1993)....................................................................4

*Montalvo v. Spirit Airlines,*
    508 F.3d 464 (9th Cir. 2007) ...................................................................19

*Morales v. Trans World Airlines, Inc.,*
    504 U.S. 374 (1992)...............................................................................14

*Morris v. Diaz,*
    119 Fed. Appx. 316 (2d Cir. 2004)..........................................................9

*Norman v. Niagara Mohawk Power Corp.,*
    873 F.2d 634 (2d Cir. 1989)....................................................................13

*Phillips v. Sage Colleges,*
    83 Fed. Appx. 340 (2d Cir. 2003)........................................................9, 10

*Polakoff v. American Airlines, Inc.,*
    No. C 02-01757, 2003 WL 22384768 (N.D. Cal. Oct. 8, 2003)....................18

*Rice v. Santa Fe Elevator Corp.,*
    331 U.S. 218 (1947)...............................................................................16

*Ruta v. Delta Airlines, Inc.,*
    322 F. Supp.2d 391 (S.D.N.Y. 2004).....................................................8, 15

*Sawyer v. Southwest Airlines Co.,*
    2004 WL 48899 (D. Kan. 2004) ..............................................................15

*Schneidewind v. ANR Pipeline Co.,*
    485 U.S. 293 (1988)...............................................................................17

*Scott Aviation, Inc. v. DuPage Airport Auth.,*
    393 F. Supp. 2d 638 ..............................................................................12

*Shupert v. Continental Airlines, Inc.,*
    2004 WL 784859 (S.D.N.Y. 2004)..........................................................19

*Straker v. Metropolitan Transit Auth.,*
    333 F. Supp. 2d 91 (E.D.N.Y. 2004) .......................................................9

*Touche Ross & Co. v. Redington,*
    442 U.S. 560 (1979) ..................................................................................6

*Wagner v. Metro. Nashville Airport Auth.,*
    772 F.2d 227 (6th Cir. 1985) ...................................................................18

*Weiss v. El Al Israel Airlines, Ltd.,*
    433 F. Supp. 2d 361 (S.D.N.Y. 2006)......................................11, 12, 15

*Williams v. Express Airlines I, Inc.,*
    825 F. Supp. 831 (W.D. Tenn. 1993)........................................................16

## STATUTES

49 U.S.C. § 13102(14), (16) ............................................................................5

49 U.S.C. § 40113 ...........................................................................................18

49 U.S.C. § 40127 .....................................................................................4, 7, 8

49 U.S.C. § 40127(a) .............................................................................. passim

49 U.S.C. § 41101 ...........................................................................................11

49 U.S.C. § 41713(b)(1) ............................................................................14, 16

49 U.S.C. §§ 44701(a), (c) .............................................................................17

49 U.S.C. § 46108 ...........................................................................................11

49 U.S.C. § 46301 .............................................................................................8

## CODE OF FEDERAL REGULATIONS

14 C.F.R. 302.403 .............................................................................................6

14 C.F.R. § 383.1 ...............................................................................................8

14 C.F.R. § 383.2 ...............................................................................................8

Defendant JetBlue Airways Corporation ("JetBlue"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Amended Complaint in its entirety.

## PRELIMINARY STATEMENT

This action was commenced by Plaintiff Gohkan Mutlu ("Plaintiff" or "Mutlu") in New York Supreme Court, New York County, on or about April 30, 2008. Plaintiff's claims arise out of an alleged February 23, 2008 incident in which JetBlue, through an unnamed pilot and flight attendant, allegedly required Mutlu to surrender his seat and relocate himself to an aircraft lavatory for a portion of a transcontinental flight between California and New York. While the allegations in Plaintiff's original Complaint were hopelessly muddled, it was apparent that Plaintiff was seeking redress for this alleged incident by asserting myriad claims under the United States Constitution, under federal civil rights statutes and other unidentified "Laws of the United States of America", and under federal aviation regulations (along with various state common and statutory laws). Accordingly, on May 27, 2008, JetBlue removed this action to this Court pursuant to its "federal question" and "civil rights" jurisdiction.[1]

On June 9, 2008, JetBlue filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (the "Rule 12(e) Motion"). The Rule 12(e) Motion detailed the numerous aspects in which the Complaint in this action was insufficient to allow a responsive

---

[1] A second action was commenced by Plaintiff against the same parties in New York Supreme Court, New York County, on or about May 30, 2008. Except for being verified by Plaintiff himself, the Complaint in the second state court action was completely identical, in form and substance, to the Complaint in this removed action. After JetBlue's requests for the dismissal of this second action went unheeded by Plaintiff's counsel, JetBlue removed the second action to this Court on June 10, 2008. Plaintiff has since dismissed this second action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), at JetBlue's request.

pleading to be framed and applicable defenses identified and asserted. JetBlue observed that Plaintiff's Complaint alleged violations of statutes and regulations that did not exist as pleaded, included numerous sentence fragments and miscitations, invoked broad swaths of law in blunderbuss and unspecific fashion, and alleged only vague legal conclusions lacking critical factual predicates.

Without awaiting Plaintiff's opposition, the Court on June 12, 2008, ordered Plaintiff to advise on or before June 19, 2008, whether he intended to amend his Complaint, and if so, to do so prior to June 26, 2008. The Court's June 12 Order stated that no further amendments to Plaintiff's pleading would be allowed after June 26. On June 16, 2008, Plaintiff's counsel advised that, while he "believe[s] the Complaint clearly sets forth the Plaintiff's claims, in a good faith attempt to resolve the matter without further taking the Court's time," he would amend the Complaint on or before the June 26 deadline. By Order dated June 16, 2008, the Court once again advised Plaintiff that "[n]o further amendments will be permitted" after the filing of Plaintiff's Amended Complaint. On June 17, Plaintiff purported to file his Amended Complaint,[2] and on the same date the Amended Complaint was served by mail upon counsel for JetBlue.

As demonstrated in the redline comparison annexed to the accompanying Declaration of JetBlue's counsel Christopher G. Kelly, ("Kelly Decl.") Plaintiff's Amended Complaint provides only a handful of cosmetic changes, few of which address the abundant fundamental deficiencies in Plaintiff's original Complaint. While certain of the miscitations in Plaintiff's original Complaint have been corrected, new references to facially inapposite statutes have been added (*see, e.g.,* Amended Compl. ¶¶ 42, 44), and inscrutable sentence fragments remain (*e.g., id.* ¶66, alleging that JetBlue "violated the statute which holds that '.'"). Plaintiff has made no attempt to

---

[2] As of the date of this motion, Plaintiff has failed to comply with local rules regarding ECF filing of his Amended Complaint.

remedy the fatal overbreadth of certain of his allegations, persisting in alleging, for example, that JetBlue deprived him "of the rights, privileges and immunities secured to the Plaintiff by . . . the Laws of the United States of America and the Laws, Rules, Regulations, Statutes and Ordinances of the City and State of New York." *Id.* ¶ 53. Further, although critical deficiencies in Plaintiff's pleading of discrimination and constitutional claims were identified in detail in JetBlue's Rule 12(e) Motion, Plaintiff has ignored the roadmap offered by JetBlue and has willfully refused to amend his allegations on such fundamental matters as Plaintiff's membership in protected class(es), JetBlue's discriminatory animus, and "state action." Most critically, rather than elucidating the bases of his claims against JetBlue, Plaintiff's Amended Complaint significantly muddies the water by tacking ill-fitting state law labels onto essentially federal claims, rendering it nearly impossible to identify (a) what claims Plaintiff is asserting, (b) the legal bases for his claims, and (c) the legal standards (federal, state, or both) he is proceeding under.

In any event, it is entirely clear that – regardless of the manner in which Plaintiff's opaque Amended Complaint is construed – Plaintiff states no viable claim under federal or state law. First, Plaintiff fails to state a viable claim under the various federal statutes, regulations, and constitutional amendments haphazardly invoked in his Amended Complaint, either because such claims provide no private right of action, because Plaintiff has neglected to plead critical elements of these federal claims, or both. Second, to the extent Plaintiff attempts an "end run" around federal statutes and regulations providing no private right of action, by merely affixing conclusory – and inapposite – state law tort labels to essentially federal claims, such claims are defective. Third, to the extent Plaintiff purports to assert true state law tort claims, these claims are expressly preempted under the Airline Deregulation Act, 49 U.S.C. § 41713, because they relate to JetBlue's "services," and impliedly preempted under the Federal Aviation Act because

3

the federal government pervasively occupies the field of commercial aviation safety. Accordingly, the Amended Complaint should be dismissed in its entirety – and, given the Court's prior Orders and the amendment opportunity already provided to Plaintiff, without further opportunity to re-plead – pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Although the Court must draw all inferences in favor of the pleader, dismissal pursuant to Federal Rule 12(b)(6) is appropriate "where the plaintiff cannot recover on the facts . . . alleged." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). Bald assertions and conclusions of law will not suffice to state a claim. *See, e.g.*, *Gregory v. Daly*, 243 F.3d 687, 692 (2d Cir. 2001).

## POINT I

### PLAINTIFF'S AMENDED COMPLAINT STATES NO VIABLE CLAIM UNDER FEDERAL CONSTITUTIONAL, STATUTORY, OR REGULATORY LAW

To the extent Plaintiff's Amended Complaint is construed as attempting to state claims under the federal statutes, regulations, and constitutional amendments he invokes, those claims are without merit as a matter of law.

### A. Plaintiff's First Cause of Action States No Viable Federal Claim

To the extent Plaintiff's First Cause of Action can be read as attempting to assert a claim under the anti-discrimination provision of the Wendell H. Ford Aviation Investment and Reform

4

Act for the 21st Century (codified at 49 U.S.C. § 40127),[3] it must be dismissed.  No private right of action exists under 49 U.S.C. § 40127, and even if such a private right of action existed, Plaintiff has still failed to sufficiently plead his allegations of discrimination.[4]

**1.     No Private Right of Action Exists Under 49 U.S.C. § 40127(a)**

Congressional intent controls whether a private right will be implied to enforce a federal statute.  *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Private rights of action to enforce federal law must be created by Congress.  The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy."); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-86 (2002); *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 116 (2d Cir. 2007) ("Congressional intent is the keystone as to whether a federal private right of action exists for a federal statute").  Accordingly, in considering whether a statute provides a private right of action, courts must begin with the text and structure of the statute.  *See Sandoval*, 532 U.S. at 288.

The language of 49 U.S.C. § 40127(a), and of the broader Congressional scheme of which it is a part, is fatal to Plaintiff's claimed private right of action under Section 40127(a).  As an initial matter, the language of Section 40127(a) does not explicitly provide for a private right of action or remedy, raising a strong presumption that Congress did not intend one.  *See*

---

[3] Section 40127(a) provides that "[a]n air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry."  49 U.S.C. § 40127(a).

[4] Plaintiff has amended his first cause of action to include an invocation of "40 C.F.R. § 374.101."  *See* Amended Compl. ¶¶ 42, 44.  This regulation is wholly inapposite to this case.  40 C.F.R. § 374.101, by its express terms, applies only to a "motor common carrier of passengers subject to 49 U.S.C. subtitle IV, part B . . . ."  JetBlue is an airline, and does not provide the road-based motor vehicle transportation services to which the referenced statutory section applies.  *See* 49 U.S.C. § 13102(14), (16).  Accordingly, to the extent Plaintiff purports to assert a discrimination claim under 40 C.F.R. § 374.101, it must be dismissed.

*Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 64 n.3 (2001) ("we have retreated from our previous willingness to imply a cause of action where Congress has not provided one"); *see also Touche Ross & Co. v. Redington*, 442 U.S. 560, 571 (1979) ("implying a private right of action on the basis of congressional silence is a hazardous enterprise, at best"); *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 117 (2d Cir. 2007) (there is a "strong presumption against creating private rights of action").

This presumption is buttressed by the fact that Section 40127(a) describes actions by air carriers that are prohibited. "Statutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons." *Sandoval*, 532 U.S. at 289 (concluding that civil rights statute created no private right of action because it contained no "rights-creating" language and focused on the entities regulated rather than the individuals protected); *see also Bellikoff*, 481 F.3d at 116 ("the absence of rights-creating language indicates a lack of congressional intent to create private rights of action"). Section 40127(a) focuses on regulation and on the entities regulated – not on individual rights and remedies – and conspicuously lacks any "rights-creating language" such as might support the inference of a private right of action.

Further, the language and structure of the federal aviation statutes and regulations as a whole indicates that the provisions of Section 40127(a) were intended to be enforced via administrative proceeding rather than private civil action. The only mention of a remedy under Section 40127(a) appears in 49 U.S.C. § 46301, which provides an elaborate and comprehensive administrative mechanism for calculating and imposing penalties resulting from violations. Moreover, the federal aviation statutes and regulations are replete with tools intended to enhance administrative oversight and enforcement. *See, e.g.*, 14 C.F.R. 302.403 (creating consumer

complaint tracking system intended to enable administrative authorities to "determine whether to further investigate or take enforcement action against an air carrier . . . for possible violations of federal aviation civil rights").    Pursuant to these enforcement authorities, the Department of Transportation ("DOT") has in recent years been active in investigating allegations of unlawful discrimination pursuant to 49 U.S.C. § 40127(a), and in commencing enforcement proceedings to regulate the airlines' compliance with the statute.    *See, e.g., Continental Airlines, Inc. Compliance with* 49 U.S.C. §§ 40127, 41702, 41702, 2004 WL 720318 (Apr. 2, 2004) (Dept. of Transp.); *Frontier Airlines*, 2004 WL 345492, (Feb. 24, 2004) (Dept. of Transp.); *United Airlines, Inc. Compliance with* 49 U.S.C. §§ 40127, 41310, 41702, 2003 WL 25425041 (Nov. 19, 2003) (Dept. of Transp.)    In one DOT Order, for example, the DOT explained:

> The Department, through its Office of the Assistant General Counsel for Aviation Enforcement and Proceedings (Enforcement Office), has the duty and authority under various laws, including 49 U.S.C. §§ 40127, 41310, and 41702, to investigate allegations of unlawful discrimination . . . In this connection, the Department receives informal complaints from consumers who believe they have been discriminated against on the basis of their race, color, national origin, sex and/or ancestry.    (See 14 CFR 302.403).    Upon receipt of such complaints, the Enforcement Office implements a structured and informal investigation procedure that it follows, when warranted, with each such informal passenger complaint it receives.

*Frontier Airlines*, 2004 WL 345492, (Feb. 24, 2004) (Dept. of Transp.) (emphasis added).    These vigorous administrative enforcement mechanisms reinforce the conclusion that no private right of action was intended under Section 40127(a).

Case law addressing the specific question of whether Section 40127(a) includes an implied private right of action is notably scant.    *See Elnajjar v. Northwest Airlines, Inc.*, No. Civ. A H-04-680, 2005 WL 1949545 at *6 (S.D. Tex. Aug. 15, 2005) (no private right of action for violations of Section 40127); *cf. Cerqueira v. American Airlines, Inc.*, 520 F.3d 1, 12 n.11 (1st Cir. 2008) (declining to reach question of whether Section 40127 creates private right of action).

7

However, particularly useful here is judicial construction of the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA"), an analogous anti-discrimination statute which prohibits air carriers from discriminating against disabled persons.  Sections 40127 and 41705 are both "part of a broad statutory and regulatory scheme concerning aviation programs." *See Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1268 (10th Cir. 2004).  Like Section 40127, the ACAA is enforced through congressionally mandated civil penalties and administrative proceedings.  *See* 49 U.S.C. § 46301; 14 C.F.R. §§ 383.1, 383.2; Civil Penalties, 65 Fed. Reg. 61089 (Oct. 16, 2000) (codified at 14 C.F.R. pt. 383).  Also like Section 40127, the ACAA contains neither explicit references to private rights of action nor "rights-creating language" such as could support the implication of rights.  In light of these factors, a number of courts construing the ACAA have applied the *Sandoval* test, discerned no congressional intent to create a private right of action, and concluded that there is no private right of action to enforce rights safeguarded by the ACAA. *See Boswell*, 361 F.3d at 1269-71; *Love v. Delta Air Lines*, 310 F.3d 1347 (11th Cir. 2002); *see also Ruta v. Delta Airlines, Inc.*, 322 F. Supp.2d 391, 402-03 (S.D.N.Y. 2004) (same).

The same result should control the question of whether a private right of action exists under the ACAA's companion statute, Section 40127(a) of the FAA.  Because neither the statutory text nor the broader statutory and regulatory structure support a finding of an implied private right of action under 49 U.S.C. § 40127(a), Plaintiff's First Cause of Action must be dismissed to the extent it asserts a Section 40127(a) claim.

## 2.    Plaintiff Has Failed to Plead Discrimination

Even if Plaintiff could establish an implied right of action, Plaintiff's allegations do not state a viable discrimination claim under Section 40127(a).  While Plaintiff has attempted to evade the issue by striking several instances of the word "discrimination" from his Amended Complaint (*see* ¶¶ 48, 58, 64), he does summarily allege – in the very same language employed

in his original Complaint – that defendants "discriminat[ed] against the Plaintiff based on his race, religion, color and/or creed." *See* Compl. ¶¶ 43-45. JetBlue's Rule 12(e) motion noted the lack of factual allegations concerning both Plaintiff's membership in protected class(es) and JetBlue's discriminatory animus (*see* R.12(e) Motion, p.6), but Plaintiff's Amended Complaint makes no attempt to remedy either of these deficiencies.

Although a specific allegation of membership in a protected class is a *sine qua non* of a discrimination claim, *see, e.g.*, *Morris v. Diaz*, 119 Fed. Appx. 316, 317 (2d Cir. 2004); *Phillips v. Sage Colleges*, 83 Fed. Appx. 340, 341 (2d Cir. 2003), the Amended Complaint still provides no clues as to the specific protected class(es) in which Plaintiff claims membership. Moreover, the Amended Complaint continues to provide only the bare legal conclusion of "discrimination," without providing anything to support Plaintiff's vague allegation that JetBlue's alleged conduct was prompted by a discriminatory animus of some unstated nature. *See Straker v. Metropolitan Transit Auth.*, 333 F. Supp. 2d 91, 99-102 (E.D.N.Y. 2004) (conclusory allegations of discrimination are subject to dismissal). Plaintiff was given the opportunity to remedy these deficiencies, but refused (or was unable) to do so. Now, Plaintiff's facially deficient claim under 49 U.S.C. § 40127(a) should be dismissed.

**B.    Plaintiff's Second Cause of Action States No Federal Constitutional Claim**

The Second Cause of Action of the Amended Complaint vaguely asserts – in precisely the same opaque language used in the original Complaint, without any alteration or additional support – that Plaintiff's alleged treatment at the hands of JetBlue constituted a deprivation of the "rights, privileges and immunities secured to the Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States . . . ." Compl., ¶ 53. Plaintiff's putative constitutional claims must be dismissed.

9

It is an elementary principle of law that only "state actors" are proper targets of constitutional claims. *See Phillips v. Sage Colleges*, 83 Fed. Appx. 340, 341 (2d Cir. 2003) ("[T]he United States Constitution regulates only government action, not that of private parties."); *Edmond v. Hartford Ins. Co.*, 27 Fed. Appx. 51, 53 (2d Cir. 2001). Accordingly, to plead state action, a "plaintiff must allege facts showing either that the state has ceded governmental functions to the private actor that the state would otherwise be obligated to perform, or that the state has effectively assumed control of the private institution's operations, as for example, by appointing a majority of its governing board." *Phillips*, 83 Fed. Appx. at 431 (citations omitted); *see also Loce v. Time Warner Entm't Advance / Newhouse P'ship*, 191 F.3d 256, 266 (2d Cir. 1999) (as against a private party, plaintiff must plead "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself").

In this action, Plaintiff challenges the action of indisputably private actors: JetBlue and members of its flight crew. Accordingly, JetBlue observed in its Rule 12(e) motion that Plaintiff's original Complaint provided no indication whatsoever of the alleged bases under which JetBlue's alleged mistreatment of Plaintiff are proffered as "state action" necessary to Plaintiff's constitutional claims. However, instead of clarifying or fleshing out this point, Plaintiff's Amended Complaint contains only precisely the same inscrutable allegation included within Plaintiff's previous pleading: JetBlue and/or its employees acted "under color and pretense of law [FAA, CFR], to wit: under the color of the statutes, ordinances, regulations, customs and usages of JETBLUE AIRWAYS CORPORATION . . . ." Compl., ¶ 53; *see also* Compl., ¶ 54. Plaintiff's refusal, or inability, to plead the requisite "state action" warrants dismissal of his

putative constitutional claims. *See Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 171 (2d Cir. 1998) (affirming dismissal of constitutional claims against airline on "state action" grounds).[5]

### C.    Plaintiff's Third and Fourth Causes of Action State No Viable Federal Claim

Plaintiff's Third and Fourth Causes of Action allege that JetBlue violated 14 C.F.R. § 121.311 and 14 C.F.R. § 125.211, both Federal Aviation Regulations ("FARs") promulgated pursuant to the Federal Aviation Act (the "FAA") that govern the availability of seats and seat belts in aircraft.  Plaintiff's claims under these FARs must be dismissed because there is no express or implied private right of action under the FAA or the FARs promulgated thereunder.

It is beyond cavil that the FAA – with only a single exception not applicable here[6] – contains no express provision authorizing private enforcement. *See Bonano v. East Caribbean Airline Corp.*, 365 F.3d 81, 83-84 (1st Cir. 2004) (stating that with a single exception, the FAA statutory language does not expressly create private right of action).  Nor do the specific FARs promulgated pursuant to the FAA and invoked by Plaintiff in this action include an express private right of action. *See Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 370-72 (S.D.N.Y. 2006) (finding no express private right of action under FAA regulation).

---

[5] Likewise, Plaintiff failed – despite JetBlue's Rule 12(e) motion on this subject – to specify the manner in which JetBlue is alleged to have violated the First Amendment (*see* R.12(e) Motion, p.7), or to specify which of the myriad unspecific "Laws of the United States of America and the Laws, Rules, Regulations, Statutes and Ordinances of the City and State of New York" he purports to proceed under (*see* R.12(e) Motion, p.5).  Instead, these insufficient allegations remain wholly unaltered in the Amended Complaint.  Plaintiff's "claims" on these grounds – to the extent they can be deciphered – must be dismissed.

[6] The Act contains only one provision where a private right of action is expressly granted. *See* 49 U.S.C. § 46108 (providing that an "interested person" may initiate an action in federal district court against an air carrier who fails to possess the proper certification required under 49 U.S.C. § 41101).  Indeed, the inclusion of this narrow provision reinforces the determination that no private right of action exists to enforce other provisions of the FAA. *See Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 371 n. 11 (S.D.N.Y. 2006).

Plaintiff cannot establish an implied private right of action under the seat belt FARs he invokes. Rather, the law uniformly – and forcefully – holds that no such right of action under the FAA and FAA regulations exists.[7] *See Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 171 (2d Cir. 1998) (no implied private right of action under FAA regulations); *Bonano v. East Caribbean Airline Corp.*, 365 F.3d 81 (1st Cir. 2004) (neither the FAA nor its regulations created an implied private right of action, because the statute and regulations are regulatory in nature, intended for the protection of the general public rather than an identifiable class, and contained provisions for public / administrative enforcement); *see also G.S. Rasmussen & Assocs. Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 901-02 (9th Cir. 1992); *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1270 (10th Cir. 2004); *Scott Aviation, Inc. v. DuPage Airport Auth.*, 393 F. Supp. 2d 638, 647 (N.D. Ill. 2005; *Casas v. American Airlines, Inc.*, 304 F.3d 517, 523 (5th Cir. 2002); *Buck v. American Airlines, Inc.*, 476 F.3d 29, 34 (1st Cir. 2007) (noting that "for the purpose of implying private rights of action, the Federal Aviation Act . . . is barren soil"). Indeed, as the Southern District Court recently held in dismissing claims asserted under FAA regulations:

> No statute enforced by these regulations could . . . be taken as creating a private remedy, nor, in fact, do the regulations even purport to provide one . . . . Instead, the sole enforcement mechanism intended for a violation of the regulations at issue (and the FAA in general) is a civil action commenced by the Secretary of Transportation or Attorney General.

*Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 370-71 (S.D.N.Y. 2006). Accordingly, Plaintiff has no claim under the FARs he invokes in his Third and Fourth Causes of Action.

---

[7] Importantly, the text and structure of the FAA, not the accompanying regulations, must be analyzed for evidence of an implied intent by Congress to create a private remedy. *See Sandoval*, 532 U.S. at 291 (holding any rights-creating language in regulations cannot "conjure up a private cause of action that has not been authorized by Congress"); *Buck v. American Airlines, Inc.*, 476 F.3d 29, 33 (1st Cir. 2007) ("Regulations alone cannot create private rights of action; the source of the right must be a statute").

## POINT II

### THE STATE LAW CLAIMS ASSERTED IN PLAINTIFF'S AMENDED COMPLAINT ARE WITHOUT MERIT

Plaintiff's Amended Complaint attempts to muddy the water by hastily re-labeling each of his First through Fifth Causes of Action as asserting state law tort claims and by asserting an additional state law claim for false imprisonment. Plaintiff's federal claims, thinly-disguised as "state law" claims in an attempt to escape the inescapable – that there is no private right of action under the federal aviation statutes and regulations Plaintiff invokes – should be dismissed. Moreover, to the extent Plaintiff's claims are construed as asserting true state law claims arising from state tort standards, they are expressly and impliedly preempted by federal aviation law.

### A.    Plaintiff's State Law Claims Are Thinly-Disguised Federal Claims For Which There Is No Private Right Of Action

The law is clear that a plaintiff may not attempt an "end run" around a federal statute that does not provide a private right of action by disguising the cause of action as a state law claim. *See, e.g.*, *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187 (2d Cir. 2005) (lack of private right of action under federal statute could not be avoided via plaintiff's state law claim); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (affirming dismissal of state law claims which were indirect attempts at privately enforcing federal statute that did not provide a private cause of action); *Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634, 637-38 (2d Cir. 1989) (plaintiff's pleading could not conceal that the gravamen his claim was under a federal statute for which the exclusive remedy was an administrative complaint).

This, however, is precisely what Plaintiff attempts in his Amended Complaint by tacking the words "For Intentional and/or Negligent Infliction of Emotional Distress" onto the end of each of his causes of action. Just like the plaintiffs in the cases cited above, Plaintiff's

halfhearted and conclusory invocation of state common law theories cannot disguise the fact that his claims arise from the same non-actionable conduct – JetBlue's alleged failure to abide by federal aviation statutes and regulations prohibiting discrimination and governing access to seats and seat belts – and for which Plaintiff, in return, cannot not sue directly.   Plaintiff makes no attempt to explain how it is, for example, that what was a claim for violation of FARs governing seat belt access in his original Complaint has been transmuted in the Amended Complaint into a claim for intentional infliction of emotional distress, or the manner in which the alleged FAR violations are intended to fit within this hastily-applied tort theory.  Plaintiff's "rephrasing" of his claim by affixing state law labels to the various counts of his Amended Complaint cannot create a private right of action where none exists, and cannot transform Plaintiff's claim that JetBlue violated federal aviation statutes and regulations (for which, as demonstrated above, there is no private right of action) into a cognizable state law tort claim.

**B.       Plaintiff's State Law Tort Claims Are Preempted**

Even to the extent Plaintiff's Amended Complaint can be read to assert true state law tort claims for "intentional and/or negligent infliction of emotional distress" and false imprisonment, these claims – relating to Plaintiff's alleged mistreatment during in-flight service and claiming resulting violations of safety standards – are expressly and impliedly preempted by federal law.

**1.       Plaintiff's State Law Claims Are Expressly Preempted Under The Airline Deregulation Act**

The ADA provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law *related to a price, route, or service of an air carrier . . . .* "  49 U.S.C. § 41713(b)(1) (emphasis added).  The Supreme Court has concluded that this ADA preemption provision should be construed broadly.  *See Morales v. Trans World Airlines, Inc.*, 504  U.S. 374 (1992) (claim relates to "rates, routes, or services" if it has a "connection with

or reference to" that subject); *see also Air Transp. Ass'n of America Inc. v. Cuomo*, 520 F.3d 218, 222-23 (2d Cir. 2008) (noting the "breadth of the ADA's preemption provision"). The Supreme Court also has made clear that state laws of general applicability—like the common-law claims asserted in Plaintiff's Amended Complaint—are subject to preemption. *See, e.g., American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995).

Courts have broadly construed the "service" prong of the ADA's preemption provision to include matters such as ticketing, boarding, seating, and in-flight services, in addition to the transportation itself. *See, e.g., Air Transp. Ass'n of America Inc. v. Cuomo*, 520 F.3d 218, 222-23 (2d Cir. 2008) (further observing that "[o]nboard amenities, regardless of whether they are luxuries or necessities, still relate to airline service and fall within the express terms of the [ADA's] preemption provision"). Accordingly, courts have applied the ADA's express preemption provision to forbid state tort law claims relating to matters implicating such broadly-drawn "services." For example, in *Weiss v. El Al Israel Airlines,* 433 F. Supp. 2d 361 (S.D.N.Y. 2006), *reconsideration denied*, 2006 WL 2129334 (S.D.N.Y. July 28, 2006), the court ruled that tort claims for "physical and emotional suffering" resulting from alleged poor treatment by airline personnel related to a "service" and thus were preempted by the ADA. Likewise, in *Elnajjar v. Northwest Airlines*, 2005 WL 1949545 (N.D. Tex. Aug. 15, 2005), the court held that plaintiffs' state law tort claims arising from forcible removal from the aircraft, alleged harassment at the check-in gate, and re-routing were preempted. *See also, e.g., Ruta v. Delta Airlines*, 322 F. Supp. 2d 391 (S.D.N.Y. 2004) (claims of negligent and intentional infliction of emotional distress resulting from alleged removal of plaintiff from flight and rudeness of airline personnel related to a "services" and thus were preempted by the ADA); *Sawyer v. Southwest Airlines Co.*, 2004 WL 48899 (D. Kan. 2004) (negligent hiring and negligent infliction of

emotional distress claims arising from alleged mistreatment by flight crew during boarding process related to a "service" and were preempted); *Williams v. Express Airlines I, Inc.*, 825 F. Supp. 831 (W.D. Tenn. 1993) (false imprisonment claims were preempted by ADA, noting that "very nature [of claims] affect airline services *directly,* because they immediately arise from the denial, or allegedly inadequate provision of, such services") (emphasis in original).

Here, Plaintiff's claims for negligent and intentional torts all relate to his alleged mistreatment at the hands of a JetBlue pilot and flight crew members during the course of a JetBlue flight. Plaintiff alleges that he was "ordered" to surrender his seat to a flight attendant and was told to "hang out" in the aircraft lavatory in the interim, and that he suffered "embarrassment and humiliation" as a result of his alleged removal from seat 2E and suffered a "tremendous sense of fear" as a result of the lack of a seat belt in the aircraft lavatory. Assuming the truth of these allegations – as JetBlue must, solely for the purposes of this motion – all of Plaintiff's claims relate to the nature, safety, and quality of in-flight service provided to him by JetBlue crew members. As such, because Plaintiff's state law claims arise squarely in connection with an airline's "service" – service which, as Plaintiff himself concedes, is exhaustively regulated by federal aviation statutes and regulations addressing discriminatory treatment, seating access, and aircraft safety – they are preempted under 49 U.S.C. § 41713(b)(1).

### 2.    Plaintiff's State Law Claims are Impliedly Preempted Under The Federal Aviation Act and Attendant Federal Regulations

It is well settled that when a federal interest is dominant, it will be assumed to preclude enforcement of State laws on the same subject. *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947). Field preemption exists where either: (1) the pervasiveness of the federal regulation precludes supplementation by the States; (2) the federal interest in the field is sufficiently dominant; or (3) the object the federal law seeks to obtain and the character of obligations the

16

federal law imposes reveal the same purpose. *Freightliner Corp. v. Myrick*, 514 U.S. 280, 287 (1995); *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 299 (1988); *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982); *see also Air Transp. Ass'n of America Inc. v. Cuomo*, 520 F.3d 218, 220-21 (2d Cir. 2008). The central question in any preemption inquiry is whether Congress intended for the federal government to exclusively control a particular field of law. *Cal. Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 280 (1987); *see Curtin v. Port Auth. of New York*, 183 F. Supp. 2d 664, 667 (S.D.N.Y. 2002).

Plaintiff's state law claims are preempted by the doctrine of field preemption because the federal government pervasively occupies the field of aviation safety. As Justice Jackson memorably stated:

> Planes do not wander about in the sky like vagrant clouds. The move only by federal permission, subject to federal inspection, in the hands of federally certified personnel and under an intricate system of federal commands. The moment a ship taxis onto a runway it is caught up in an elaborate and detailed system of controls.

*City of Burbank v. Lockheed Air Terminal, Inc.*, 411 U.S. 624, 633-34 (1973) (*citing Northwest Airlines, Inc. v. Minnesota*, 322 U.S. 292, 303 (1944)).

Congress passed the Federal Aviation Act of 1958 ("FAA"), 49 U.S.C. § 40101 *et. seq.*, for the purpose of "centralizing into a single authority . . . the power to frame rules for safe and efficient use of the nation's airspace." *Air Line Pilots Assoc. Int'l v. Quesada*, 276 F.2d 892, 894 (2d Cir. 1960); *see also Abdullah v. American Airlines Inc.*, 181 F.3d 363, 368 (3d Cir. 1999) (the FAA's purpose was to "rest sole responsibility for supervising the aviation industry with the federal government").

The FAA itself contains numerous provisions governing aviation safety. *See, e.g.*, 49 U.S.C. §§ 44701(a), (c). In addition to the statute itself, federal control over commercial aviation

17

safety is exercised through a comprehensive mosaic of regulations (the FARs) promulgated by the Federal Aviation Administration under the FAA and codified in Title 14 of the CFR. *See* 49 U.S.C. § 40113; *Quesada*, 276 F.2d at 895. Indeed, in creating the Federal Aviation Administration, Congress expressly recognized the pervasiveness of federal control in this area:

> [A]viation is unique among transportation industries in its relation to the federal government – it is the only one whose operations are conducted almost wholly within federal jurisdiction, and are subject to little or no regulation by States or local authorities. Thus, the federal government bears virtually complete responsibility for the promotion and supervision of this industry in the public interest.

*Abdullah*, 181 F.3d at 368; *see also City of Burbank v. Lockheed Air Terminal Inc.*, 411 U.S. 624, 634 (1973); *accord Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 107 (1948) (aviation calls for a penetrating, uniform and exclusive regulation by the nation); *Wagner v. Metro. Nashville Airport Auth.*, 772 F.2d 227, 230 n.2 (6th Cir. 1985) ("Courts have recognized the federal nature of airline security actions.").

Pursuant to its statutory authority, the Federal Aviation Administration has enacted FARs governing a vast array of aviation safety matters and covering nearly every aspect of a commercial aircraft's flight operations. *See Air Transp. Ass'n of America Inc. v. Cuomo*, 520 F.3d 218, 224-25 (2d Cir. 2008) (observing, in considering FAA implied preemption, that comprehensive federal regulations address "virtually all areas of air safety"); *Polakoff v. Am. Airlines, Inc.*, No. C 02-01757, 2003 WL 22384768, at *4 (N.D. Cal. Oct. 8, 2003) (noting that the mere volume and complexity of federal regulations demonstrates an implicit congressional intent to displace all state law). Indeed, as Plaintiff recognizes in his invocation of 14 C.F.R. § 121.311 and 14 C.F.R. § 125.211, even the availability of seats and seat belts on an aircraft – in other words, precisely the safety issue upon which Plaintiff appears to base a substantial portion of his allegations – is governed by specific and comprehensive federal regulations.

Numerous courts have relied upon the dominance and pervasiveness of federal control in the area of aviation safety to conclude that Congress intended to exclusively control this field of law, and to hold that state law tort and negligence claims relating to safety are impliedly preempted. *See Abdullah*, 181 F.3d at 367-74 (FAA and FARs entirely fill the area of airline safety); *French v. Pan Am Express*, 869 F.2d 1 (1st Cir. 1989) (FAA and FARs reflect "unmistakably clear intent to occupy the field of pilot regulation related to air safety, to the exclusion of state law"); *see also, e.g., Montalvo v. Spirit Airlines*, 508 F.3d 464 (9th Cir. 2007) ("federal law occupies the entire field of aviation safety"); *Greene v. B.F. Goodrich Aviation Sys., Inc.*, 409 F.3d 784 (6th Cir. 2005); *Curtin v. Port Auth. of New York and New Jersey*, 183 F. Supp. 2d 664 (S.D.N.Y. 2002); *Shupert v. Continental Airlines, Inc.*, 2004 WL 784859 (S.D.N.Y. 2004); *Aldana v. Air East Airways, Inc.*, 477 F. Supp. 2d 489 (D. Conn. 2007).[8] These authorities make plain that the field of aviation safety is entirely preempted by the federal government's plenary and pervasive powers in this area, and by the comprehensive body of federal law and regulation enacted pursuant to these powers.

These principles dispose of Plaintiff's state law tort claims for intentional and/or negligent infliction of emotional distress and false imprisonment. A significant aspect of Plaintiff's tort claims amounts to nothing more than a thinly-disguised aviation safety claim challenging his alleged lack of access to a seat and safety belt during a portion of the flight at issue. In-flight passenger safety standards such as this plainly require a single uniform set of standards – that is, those provided in the FARs codified at 14 C.F.R. §§ 121.311 and 125.211 – and are, accordingly, precisely the type of operational safety standards ripe for field preemption.

---

[8] The Second Circuit in *Air Transp. Ass'n of America Inc. v. Cuomo*, 520 F.3d 218, 222-23 (2d Cir. 2008), while citing several of these authorities favorably, declined to adopt their holding that the FAA impliedly preempts the field of aviation safety, having already held the state law in question to be expressly preempted under the express preemption provision of the ADA.

The comprehensive federal regulation in this area of aviation safety allows no room for state law tort standards of the sort Plaintiff invokes. The responsibilities and obligations of JetBlue with respect to seat and seat belt access – as with all aspects of commercial aviation safety – must be measured exclusively by the yardsticks provided by federal statute and regulation.

<u>**CONCLUSION**</u>

For the reasons detailed above, the Court should grant the motion of JetBlue Airways Corporation, and should dismiss Plaintiff's Amended Complaint, in its entirety and without further opportunity to re-plead, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:  New York, New York
       July 7, 2008

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____
Christopher G. Kelly (CK 3865)
Robert J. Burns (RB 1558)
Suhey I. Nevarez (SN 1981)
195 Broadway
New York, New York  10007
Phone No. (212) 513-3200
Fax No. (212) 385-9010

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION

# 5448620_v2