founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.").

8. Moreover, this Court has original "civil rights" jurisdiction over civil claims asserted "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States," (28 U.S.C. § 1343(a)(3)), or "to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights" (28 U.S.C. § 1343(a)(4)).

9. This court plainly has original subject matter jurisdiction over this action under these statutory standards. On their face, at least four of Plaintiff's Causes of Action arise under the Constitution, statutes, and regulations of the United States, and/or purport to redress and recover damages for alleged deprivations of Plaintiff's civil rights under the Constitution of the United States and federal statutes.

10. In his First Cause of Action (*see* Complaint, ¶¶ 39-46), Plaintiff attempts to assert a claim under the anti-discrimination provision of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (codified at 49 U.S.C. § 40127). Despite his citation to a non-existent federal regulation ("49 CFR, Subtitle VII, section 40127") in Paragraph 40 of the Complaint, it is apparent from the statutory language quoted in Paragraph 41 of the Complaint that Plaintiff purports to assert a federal civil rights claim under 49 U.S.C. § 40127(a), which provides that "[a]n air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." Accordingly, Plaintiff's First Cause of Action seeking relief under a federal civil rights statute

3

falls squarely within this Court's original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. *See id.; see also Dunlop v. City of New York*, 2006 WL 2853972 (S.D.N.Y. 2006) (removal of claims under federal civil rights statute); *Thompson v. Herman's Sporting Goods, Inc.*, 1993 WL 36178 (S.D.N.Y. 1993) (same).[1]

11.   In his Second Cause of Action (*see* Complaint, ¶¶ 47-53), Plaintiff asserts that JetBlue acted "under color and pretense of law [FAA, CFR]" to deprive him, *inter alia*, "of the rights, privileges and immunities secured to Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States and the Laws of the United States of America . . . ." Complaint, ¶ 50; *see also* Complaint, ¶ 51 (asserting deprivation of the "privileges and immunities guaranteed to the Plaintiff . . . and other citizens by the Constitution of the United States"). This Court has subject matter jurisdiction over these federal Constitutional and statutory claims as well. *See* 28 U.S.C. §§ 1331 and 1343; *see also Kerin v. Sanders*, 91 Fed.Appx. 709 (2d Cir. 2003) (complaint alleging First Amendment claim properly removable); *Dunlop v. City of New York*, 2006 WL 2853972 (S.D.N.Y. 2006) (same, under First and Fourteenth amendments); *Casale v. Metropolitan Trans. Auth.*, 2005 WL 3466405 (S.D.N.Y. 2005) (same, under Fourteenth amendment).

12.   Plaintiff's Third and Fourth Causes of Action (*see* Complaint, ¶¶ 54-67) purport to asset claims based upon JetBlue's alleged violations of federal aviation safety regulations promulgated pursuant to the F.A.A.'s congressionally delegated authority. While Plaintiff's citations are to non-existent federal statutes 14 U.S.C § 121.311 (*see* Complaint, ¶¶ 56-58) and 14 U.S.C. § 125.211 (*see* Complaint, ¶¶ 63-65), it is clear from the quoted text that Plaintiff's

---

[1] Plaintiff's incorrect citation to "49 CFR, Subtitle VII, section 40127" should not alter this result, as it is clear from the quoted language that he intended to invoke the civil rights provision of 49 U.S.C. § 40127(a). *See Canty v. Board of Ed.*, 312 F.Supp. 254 (S.D.N.Y. 1970) (civil rights action within jurisdiction of federal court, although erroneously brought under wrong statutory section).

claims in fact are premised upon claimed violations of federal Aeronautics and Space regulations at 14 C.F.R. § 121.311 and 14 C.F.R. § 125.211. These claims, on the face of Plaintiff's Complaint, arise under "laws . . . of the United States," and are accordingly within this Court's original jurisdiction under 28 U.S.C. § 1331.

13. This Court has jurisdiction (including, *inter alia*, supplemental jurisdiction pursuant to 28 U.S.C. § 1367) over the remaining state law claims asserted in Plaintiff's Complaint. Plaintiff's claims, both federal and state, clearly arise out of the same nucleus of operative fact – that is, his alleged mistreatment over a course of several hours during a single JetBlue flight – and will require virtually identical proof. The state law tort theories asserted in Plaintiff's Complaint are not novel or complex, nor can Plaintiff's state law claims fairly be said to predominate over the numerous federal Constitutional, statutory, and regulatory claims constituting Plaintiff's First through Fourth Causes of Action. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350-51 (1988) (removal of action asserting single federal claim and numerous state claims which derived from same nucleus of operative fact); *Dunlop*, 2006 WL 2853972 at *4-5 (retaining jurisdiction over federal civil rights plaintiff's state law claims, where the "federal law claims will require virtually the same proof as the state law claims," where the "federal claims are not merely peripheral to the state claims, [but] rather they present serious allegations of constitutional violations that are properly addressed in federal court," and where the state and federal claims "arise out of a series of events that are interrelated").

14. Accordingly, the State Court Action is removable under 28 U.S.C. §§ 1331, 1343, and 1441 based upon Plaintiff's explicit federal Constitutional, statutory, and regulatory claims. Because Plaintiff has filed an action which could originally have been filed in federal court,

5

JetBlue is entitled to remove the State Court Action, in its entirety, to this Court. *See* 28 U.S.C. § 1441(c).

15. JetBlue, upon filing of this Notice of Removal, will, as required by 28 U.S.C. § 1446(d), file a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, and will serve a copy of the same upon Plaintiff.

16. In filing this Notice of Removal, JetBlue reserves and does not waive any defense or counterclaim that may be available to it.

WHEREFORE, JetBlue respectfully submits that this Notice of Removal complies with the statutory removal requirements and respectfully requests that this action now pending against it be removed from the Supreme Court of the State of New York, County of New York, to this Court, that this action proceed in this Court as a properly removed action, and that JetBlue have such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 27, 2008

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: *[signature]*
Christopher G. Kelly (CK 3865)
Robert J. Burns (RB 1558)
Suhey I. Nevarez (SN 1981)
195 Broadway
New York, New York 10007
Phone No. (212) 513-3200
Fax No. (212) 385-9010

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION

# 5359164_v1

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GOKHAN MUTLU,

                         Plaintiff(s),        08 CIV 4887 (LAP)

- against -

JETBLUE AIRWAYS CORPORATION,
PILOT, true identity unknown, and
FLIGHT ATTENDANT, true identity unknown,

                         Defendant(s).
------------------------------------------------------X

### DECLARATION OF ISMAIL S. SEKENDIZ IN SUPPORT OF PLAINTIFF'S OPPOSITION

**AKIN & SMITH LLC**
**Attorneys For Plaintiff(s)**
305 Broadway Suite 1101
New York, New York 10007
(212) 587-0760