UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GOKHAN MUTLU,

                        Plaintiff(s),

- against -                                                                08 CIV 4887 (LAP)

JETBLUE AIRWAYS CORPORATION,                          CIVIL ACTION
PILOT, true identity unknown, and
FLIGHT ATTENDANT, true identity unknown,

                        Defendant(s).
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO
## THE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

**AKIN & SMITH, LLC**
Attorneys for Plaintiff(s)
305 Broadway, Suite 1101
New York, New York 10007
Tel. (212) 587-0760
Fax. (212) 587-4169

TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................. ii

PRELIMINARY STATEMENT......................................................................... 1

ARGUMENT........................................................................................................ 2

**POINT I**

**PLAINTIFF'S AMENDED COMPLAINT SHOULD NOT BE DISMISSED**................. 2

**POINT II**

**THE INSTANT MOTION SHOULD BE DENIED IN THAT THE PLAINTIFF'S TORT CLAIMS ARE NOT PREEMPTED BY FEDERAL LAW**............................. 4

**POINT III**

**THE INSTANT MOTION SHOULD BE DENIED IN THAT THERE IS A PRIVATE RIGHT OF ACTION UNDER 49 USC SECTION 40127**................... 8

**POINT IV**

**IN THE ALTERNATIVE, THE ACTION HEREIN SHOULD BE REVERTED BACK TO STATE COURT TO PROCEED THEREAT**............................................................................................ 11

**POINT V**

**THE INSTANT MOTION SHOULD BE DENIED IN THAT THE DEFENDANTS HAVE NOT SATISFIED THEIR BURDEN OF JUSTIFYING THE DISMISSAL OF THECOMPLAINT**................................................................................. 13

**POINT VI**

**THE INSTANT MOTION SEEKING TO DISMISS THE PLAINTIFF'S CAUSE OF ACTION FOR DISCRIMINATION AND CONSTITUTIONAL VIOLATIONS SHOULD BE DENIED IN IT ENTIRETY**.................................. 16

**POINT VI**

**THE PLAINTIFF'S STATE LAW CLAIMS ARE NOT PREEMPTED UNDER THE FEDERAL AVIATION ACT**..................................................................... 18

## TABLE OF AUTHORITIES

**CASES**

*Conley v. Gibson,*
355 U.S. 41 (1957)............................................................................... 2,3

*Bell Atl. Corp. v. Twombly,*
127 S. Ct. 1955 (2007)........................................................................... 2

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,*
375 F.3d 168, 177 (2dCir.2004).............................................................. 3

*Bernheim v. Litt,*
79 F.3d 318, 321 (2d Cir.1996)............................................................... 3

*Flemming v. City of New York Slip Copy,*
2006 WL 2853872 E.D.N.Y................................................................... 3

*Albright v. Oliver,*
510 U.S. 266, 268 (1994)....................................................................... 3

*Burnette v. Carothers,*
192 F.3d 52, 56 (2d Cir.1999)................................................................. 3

*Dangler v. N.Y. City Off Track Betting Corp.,*
193 F.3d 130, 138 (2d Cir.1999).............................................................. 3

*De Jesus v. Sears, Roebuck & Co.,*
87 F.3d 65, 69 (2d Cir.1996)................................................................... 3

*Iqbal v. Hasty,*
490 F.3d 143, 157-58 (2d. Cir.2007)......................................................... 3

*Ello v. Singh,*
531 F.Supp.2d 552, 562 (S.D.N.Y.2007).................................................... 3

*Hoover v. Ronwin,*
466 U.S. 558, 587 (1984)........................................................................ 3

*American Airlines v. Wolens,*
115 S.Ct. 817, 821 (1995))...................................................................... 4

*Torraco v. American Airlines, Inc.*
1996 WL 6560, 4 (N.D.Ill.) (N.D.Ill.,1996)................................................ 4

*Hodges v. Delta Airlines, Inc.*,
44 F.3d 334, 337 (5th Cir.1995).................................................................. 4

*Rombom v. United Air Lines, Inc.*,
867 F.Supp. 214 (S.D.N.Y.1994) ............................................................... 5

*Ruta v. Delta Airlines, Inc.*,
322 F.Supp.2d 391, 298 (S.D.N.Y.2004)................................................... 5

*Chouest v. American Airlines, Inc.*,
839 F.Supp. 412, 415-16 (E.D.La.1993).................................................... 5

*Doricent v. American Airlines, Inc.*,
1993 WL 437670 at 5 (D. Mass. Oct 19, 1993)......................................... 6

*Morales v. Trans World Airlines*,
504 U.S. 374 (1992)..................................................................................... 6

*Bayne v. Adventure Tours USA, Inc.*,
841 F.Supp. 206, 207-08 (N.D.Tex.1994) (citing Fenn at 1223)............... 7

*Curley v. American Airlines, Inc.*,
846 F.Supp. 280, 284 (S.D.N.Y.1994)....................................................... 7

*Stagl v. Delta Air Lines, Inc.*,
849 F.Supp. 179, 182 (E.D.N.Y.1994)....................................................... 8

*Butcher v. City of Houston*, 813 F.Supp
515, 517-18 (S.D.Tex.1993)................................................................. 8, 20

*Dudley v. Business Express, Inc.*,
1994 WL 558680 at 5 (D.N.H. October 11, 1994) ................................... 8

*O'Hern v. Delta Airlines*,
838 F.Supp. 1264, 1267 (N.D.Ill.1993)................................................. 8, 19

*Jamerson v. Atlantic Southeast Airlines, Inc.*,
860 F.Supp. 821, 826 (M.D.Ala.1994).................................................. 8, 19

*Union Iberoamericana v. American Airlines, Inc.*,
1994 WL 395329 at 3 (S.D.Fl. July 20, 1994).......................................... 8

*Margolis v. United Airlines, Inc.*,
811 F.Supp. 318, 324 (E.D.Mich.1993).................................................... 8

iii

*Manfredonia v. American Airlines, Inc*
68 A.D.2d 131, 416 N.Y.S.2d 286 N.Y.A.D., 1979.............................................. 9,10

*Cort v. Ash,*
422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26.................................................. 9

*Gabel v. Hughes Air Corp.,* D.C.,
350 F.Supp. 612, 614-615................................................................................ 9

*Rauch v. United Instruments,*
3 Cir., 548 F.2d 452, 457................................................................................. 9

*Sanz v. Renton Aviation Inc.,*
9 Cir., 511 F.2d 1027, 1029............................................................................. 9

*Matter of Paris Air Crash of Mar. 3, 1974,* D.C.,
399 F.Supp. 732;............................................................................................ 9

*Neiswonger v. Goodyear Tire & Rubber Co.,*
6 Cir., 35 F.2d 761, 763.................................................................................. 9

*Stork v. United States,*
9 Cir., 430 F.2d 1104)..................................................................................... 9

*Daggett v. Keshner,*
284 App.Div. 733, 738, 134 N.Y.S.2d 524, 529............................................... 9

*Pierce v. International Harvester Co.,*
61 A.D.2d 255, 402 N.Y.S.2d 674................................................................... 9

*Fitzgerald v. Pan Amer. World Airways,*
2 Cir., 229 F.2d 499........................................................................................ 9,10

*Williams v. Trans World Airlines D.C.,*
369 F.Supp. 797, affd. 2 Cir., 509 F.2d 942 140.............................................. 10

*Neiswonger v. Goodyear Tire & Rubber Co.,*
6 Cir., 35 F.2d 761, Supra............................................................................... 10

*Gabel v. Hughes Air Corp.,* D.C.,
350F.Supp. 612................................................................................................ 10

*Daggert v. Keshner,* 284 App.Div.
733, 134 N.Y.S.2d 524, Supra......................................................................... 11

*Merrell Dow Pharmaceuticals Inc. v. Thompson*
478 U.S. 804, 106 S.Ct. 3229 (U.S. 1986).................................................................... 12

*Martin v. Herzog,*
126 N.E. 814, 815 (N.Y. 1920).................................................................................... 13

*Correctional Services Corp v. Malesko,*
534 U.S. 61 (2001)....................................................................................................... 13

*Touche Ross & Co v. Redington*
442 U.S. 560 (*1979).................................................................................................... 14

*Bellikof v Eaton Vance Corp*
(citation omitted)........................................................................................................... 14

*Alexander v. Sandoval*
532 U.S. 275 (2001)..................................................................................................... 15

*Drake v. Delta Airlines, Inc*
147 F.3d 169, 171 (2nd Circuit 1998)......................................................................... 18

*Witty v. Delta Air Lines, Inc.,*
366 F.3d 380, 382 (5th Cir. 2004)............................................................................... 19

*Hodges v. Delta Airlines,*
44 F.3d 334 C.A.5 (Tex.),1995.................................................................................... 19

*Smith v. America West Airlines, Inc.*
44 F.3d 344 C.A.5 (Tex.),1995.................................................................................... 20

*Butcher v. City of Houston*
813 F.Supp. 515 (S.D.Tex.1993)................................................................................. 20

*Sedigh v. Delta Airlines, Inc.,*
850 F.Supp. 197, 200 (E.D.N.Y.1994)........................................................................ 20

**STATUES & CODE OF FEDERAL REGULATIONS**

Fed. Rule Civ. P. 12(b)(6)............................................................................... 2,3

Fed. Rule Civ. P 10 (c) ..................................................................................... 3

49 U.S.C. App. 1506............................................................................... 4, 10, 19

49 U.S.C. App. 1305(a)(1)......................................................................... 5, 7

28 U.S.C. Section 1331................................................................................ 12

49 U.S.C. Section 40127(a)............................................................. 15, 16, 17

49 U.S.C. App. 1371(q) ................................................................................ 19

49 U.S.C. Section 41112(a) .......................................................................... 19

49 U.S.C. Section 41713 (b)(1).................................................................... 19

49 U.S.C. App. Section 1301....................................................................... 20

## PRELIMINARY STATEMENT

This affirmation is submitted in opposition to Defendant's motion for an order, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure dismissing Plaintiff's Amended Complaint in its entirety and without the opportunity for further amendment.

In sum and substance the defendants motion would have this Court accept and adhere to an unjustifiable conclusion denying a person who has been aggrieved and caused to suffer damages in a coast-to-coast flight a right of any recovery whatsoever. Their motion suggests that airlines which take a passenger aboard such a long flight and imprison them in a lavatory for over two hours causing them to incur a great deal of ridicule, embarrassment, humiliation and suffer emotion and psychological damages not be liable to the injured party in any shape, manner or form. This proposition, which defies logic and justice, by any definition of the word, is simply not the law and must be denied.

In the instant case, as clearly indicated in the plaintiff's complaint, Gokhan Mutlu was scheduled to travel from New York to San Diego on February 16, 2008 and return on February 23, 2008. Plaintiff had a "body pass". The Plaintiff was advised that there were no seats available on the flight scheduled to leave on or about 1:30 pm and that he would have to take the next available flight to New York. The Plaintiff was then advised he would be able to fly back to New York on the flight that was scheduled to depart on or about 9:30 pm. Shortly before check in, the Plaintiff was advised that the plane appeared to be full with a JETBLUE AIRWAYS CORPORATION employee, a Flight Attendant, taking the last available seat. Thereafter, the Plaintiff was advised that the Defendant, FLIGHT ATTENDANT would take the "jump seat" which was available and that the Plaintiff could take the flight scheduled to depart on or about 9:30 pm. The Plaintiff was issued his boarding pass and boarded the aircraft taking seat 2E.

1

Approximately 1½ hour into the flight as the Plaintiff was dozing off, the Defendant, PILOT called the Plaintiff towards the front of the plane, towards the cockpit, and advised the Plaintiff that he would have to give his seat up to the Defendant, FLIGHT ATTENDANT. The Plaintiff was puzzled and asked what was going on to which the Defendant PILOT responded, that the Defendant FLIGHT ATTENDANT wanted to be more comfortable and that the "jump seat" was not comfortable for her. Thereafter, plaintiff was directed by the pilot go and "hang out" in the bathroom in order to provide the flight attended a comfortable sleep.

On May 9, 2008 the Plaintiff commenced an action in State Supreme Court, New York County which was subsequently removed to Federal Court for the Southern District of New York. The Complaint was subsequently amended upon defendants' application for a more definite statement. Despite the Complaint clearly stating a cause of action under both state common law and federal law the defendants have chose to make the instant application seeking the dismissal of the Complaint and/or the causes of action plead.

## ARGUMENT

### POINT I

### THE PLAINTIFF'S AMENDED COMPLAINT SHOULD NOT BE DISMISSED

The defendants' motion erroneously seeks to deny Mr. Mutlu, a person who has been aggrieved and caused to suffer damages in a coast-to-coast flight, a right of any recovery whatsoever. The Supreme Court, in *Conley v. Gibson*, 355 U.S. 41 (1957), overruled in part by *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), established the legal standard governing the adequacy of a complaint challenged on a motion to dismiss under Rule 12(b)(6), ruling that a complaint may not be dismissed at the pleading stage "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." On a

motion to dismiss pursuant to Fed. R. Civ. P. P.12(b)(6) the issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir.2004); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996) (internal quotations omitted)".

"In reviewing a motion to dismiss for failure to state a claim brought pursuant to Fed R. Civ. P. (12)(b)(6) the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *Flemming v. City of New York Slip Copy*, 2006 WL 2853872 E.D.N.Y., also see *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999);

In assessing the legal sufficiency of a claim, the court may consider only the facts alleged in the complaint, and any document attached as an exhibit to the complaint or incorporated in it by reference. See Fed. R. Civ. P. 10(c) *Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir.1999); *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir.1996).

The fact pleading standard is "a flexible 'plausibility standard" which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d. Cir.2007) (emphasis in original); see *Ello v. Singh*, 531 F.Supp.2d 552, 562 (S.D.N.Y.2007).

The complaint may be dismissed only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hoover v. Ronwin*, 466 U.S. 558, 587 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

As it can be clearly seen above the complaint can be only dismissed for failure to state a claim if it "appears beyond doubt, even when the complaint is liberally construed, that the

3