If the Court is now to accept the Defendants argument that the Plaintiff's claims do not involve a Federal Statute and is not actionable under Federal Statute, which is contrary to their prior declaration in seeking the removal, then the proper remedy would be for the action to be reverted back to State Court, not a dismissal of the claim.

In *Merrell Dow Pharmaceuticals Inc. v. Thompson* 478 U.S. 804, 106 S.Ct. 3229 (U.S. 1986), the Supreme Court held that: "a violation of a federal statute as an element of a state cause of action, (when Congress has determined that there should be no private federal cause of action for the violation), does not state a claim "arising under the Constitution, laws, or treaties of the United States" within the meaning of 28 U.S.C. §1331. Thus, here, determining the question of removal jurisdiction by reference to the "well-pleaded complaint," and assuming that there is no federal cause of action for FDCA violations, the cases were improperly removed to the Federal Court. The assumed congressional determination to preclude federal private remedies for violations of the FDCA is tantamount to a congressional conclusion that a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

In *Merrell*, the Court concluded that if no private action was intended to be created by the Congress concerning Federal laws then the case should not be removed from State Court to Federal Court and the plaintiffs should be given a fair opportunity to take their case to the State Court and seek the recovery to which they are entitled.

As it can be clearly seen in the plaintiff's amended complaint, plaintiff referenced Federal violations as an element of his State claims. Plaintiff is seeking damages on the common law theories of negligence, intentional and negligent infliction of emotional distress and false imprisonment. As it was held in the landmark case of *Martin v. Herzog*, 126 N.E. 814, 815 (N.Y.

1920) "violation of a statute is conclusive evidence of negligence," this is still the majority rule today. The Plaintiff's point in citing all the violations made by the Defendants, was to reiterate and enforce the widely accepted legal concept. Hence, the defendants violation of the federal statutes as cited by the Plaintiff are significant for the State cause of action which would require for the case to be remanded to State court in the event the Court herein concludes that a private right of remedy does not exist. However, a conclusion of a private right of remedy not existing does not justify the complaint or the causes of action being dismissed.

As such, in the event the Court concludes that a private right of action exists the defendants' motion should be denied in its entirety. However, should the Court conclude that no private right of action exists and pre-emption proper (which, respectfully submitted, would be in error), the Court should still deny the defendants instant application and remand the instant case back to State court.

### POINT V

### THE INSTANT MOTION SHOULD BE DENIED IN THAT THE DEFENDANTS HAVE NOT SATISFIED THEIR BURDEN OF JUSTIFYING THE DISMISSAL OF THE COMPLAINT

The initial burden is on the defendants to set forth the law and apply the facts in dismissing the causes of action cited in the instant action. It is respectfully submitted that the case-law cited by the defendants are inapplicable and/or insufficient to meet that burden.

In an attempt to have this Court dismiss the plaintiff's case defendants cite *Correctional Services Corp v. Malesko*, 534 U.S. 61 (2001) where the Court ruled that there was "no implied private right of action, pursuant to Bivens, for damages against private entities that engage in alleged constitutional deprivations while acting under color of federal law'. Plaintiff in this case did not bring a Bivens action against the defendants. As the Court is very well aware Bivens

13

action is the type of action that enables individuals to bring an action against Federal employees individually for their alleged constitutional deprivations (See 403 U.S. 388). The *Correctional Services Corp.*, case has absolutely no application to dismissing the Plaintiff's action herein.

The defendants also cite *Touche Ross & Co v. Redington* 442 U.S. 560 (*1979) which is also inapplicable. In *Touche* "an action was brought against an accounting firm for damages, seeking to impose liability on the firm by reason of its allegedly improper audit and certification of broker dealer's financial statements…" The Court stated that a violation of the Securities Exchange Act requiring broker dealers and others to keep such records and file such reports as the Securities and Exchange Commission may prescribe does not create a private cause of action. The Court reasoned that task in determining whether private right of action exists is limited solely to determining whether Congress intended to create a private right of action. The Court found no private right of action was intended to be created by Congress under Securities Exchange law. Unlike *Mutlu*, sine the Plaintiffs in *Touche* did not bring any state common law cause of action. Their private right of action was based on federal law which did not grant such a remedy. Hence, the case was dismissed. In *Mutlu*, the plaintiff is bringing an action under state common law, not under the Securities Exchange Act rendering the flawed reasoning and comparison in the instant case inapplicable.

In *Bellikof v Eaton Vance Corp*, shareholders of mutual funds brought putative class action against trustees and investment advisors, alleging violations of Investment Company Act and other laws. They did not bring an action under state common law either. Again, the Court granted defendants' motion to dismiss. Shareholders appealed and the Second Circuit ruled that "no private right of action existed under Investment Company Act sections prohibiting misrepresentation in registration statement, prohibiting personal misconduct-based breach of

14

fiduciary duty, and creating control person liability..." Again, In *Mutlu*, plaintiff is not bringing an action under the Investment Company Act rendering the flawed reasoning and comparison in the instant case inapplicable.

Defendants also referenced case *Alexander v. Sandoval* 532 U.S. 275 (2001). *Alexander* "involved a suit against the Alabama Department of Public Safety as a recipient of federal financial assistance and its policy of administering state driver's license exams only in English. Alexander brought the suit to challenge this policy, arguing that it violated a DOJ regulation "because it had the effect of subjecting non-English speakers to discrimination based on their national origin." Id. at 279. The Court ruled that there was no private action for disparate-impact regulations under Title VI. Again, Mr. Mutlu is not making a claim for disparate-impact or suing under DOJ rendering the flawed reasoning and comparison in the instant case inapplicable.

The defendants also indicated in their motion papers that the 'Department of Transportation in recent years has been active in investigating allegations of unlawful discrimination pursuant to 49 U.S.C. §40127(a) and in commencing enforcement proceedings to regulate the airline's compliance with the statue". Once again, there is nothing suggestive of said event, assuming its true, that would justify the dismissal of the Plaintiff's complaint. To the contrary, the fact that Congress has been actively involved with 49 USC § 40127(a) and still chose not to put language specifically excluding a private right of remedy, speaks volumes.

Lastly, the defendants' argue that "federal aviations statues and regulations are replete with both tools intended to enhance administrative oversight and enforcement" is simply inapplicable and irrelevant. Investigations and/or enforcements by administrative agencies do not prevent a private right of action by individuals. In fact private right of actions and administrative investigations are simultaneously present in all aspects of our State and Federal legal system.

15

The defendants' argument that this should "suggestively" be interpreted by the Courts that Congress did not intent to create a private right of action concerning the plaintiff's allegations in his complaint is without any support. The defendants suggesting or wishing in their own self interest does not making so.

In conclusion, the defendants have cited only one case from the district of Texas (*Elnajjar*) which appears to be on point regarding 49 U.S.C. 40127, however, the facts of that case are very different from *Mutlu*. The mere fact that they are unable to cite a single case similar to the facts of Mutlu, their instant application must be denied in its entirety. Contrary to the "suggestive" interpretation the defendants seek, it is also important to note that, as set forth by the Court in *Rombom*, absence of a controlling Second Circuit precedent, the Court opted to deny the preemption argument and further noted that whether or not a claim is preempted under §1305 requires a careful, case-by-case analysis. It is not possible to fashion a bright line rule, yet alone make the stretch suggested by the Defendants by the cases cited above.

### POINT VI

### THE INSTANT MOTION SEEKING TO DISMISS THE PLAINTIFF'S CAUSE OF ACTION FOR DISCRIMINATION AND CONSTITUTIONAL VIOLATIONS SHOULD BE DENIED IN ITS ENTIRETY

As it is mentioned above, Mr. Mutlu was imprisoned in the lavatory of the defendant's aircraft for over 2 hours due, upon information and belief, to his race, religion and ethnicity necessitating the denial of this instant motion in its entirety.

Since "in reviewing a motion to dismiss for failure to state a claim brought pursuant to Fed R. Civ. P.(12)(b)(6) the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff,

16

citing *Flemming* et al supra, the defendants' instant motion seeking to dismiss the cause of action based on discrimination must be denied.

The Fourteenth Amendment of the United States Constitution states that "...No State shall make or enforce any law, which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws" and the First Amendment of the Unites States Constitution states that: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances"

Title 49 USC Section 40127 states that: "(a) Persons in Air Transportation. An air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, Religion, sex, or ancestry (b) Use of Private Airports. Notwithstanding any other provision of law, no State or local government may prohibit the use or full enjoyment of a private airport within its jurisdiction by any person on the basis of that person's race, color, national origin, religion, sex, or ancestry."

Mr. Mutlu, in his complaint, alleged that the defendants discriminated against him based on his race, religion, color and/or creed. The Plaintiff is a Turkish-American / Muslim individual, who speaks with a foreign accent and believes that he was discriminated based on his race, religion and/or creed. It is obvious from the reading of the statue that the statue intended to create a right of action for a protected class of people, which necessitates the denial of the defendants' motion.

17

The defendants cite *Drake v. Delta Airlines, Inc* 147 F.3d 169, 171 (2nd Circuit 1998) indicating that the Court affirmed the dismissal of constitutional claims against airline on "state action" grounds. However, this assertion is not totally true. The Court in *Drake* concluded as follows: "while affirming in all other respects, we vacate the judgment of the district court insofar as it dismissed Drake's Fourth Amendment claims under Fed.R.Civ.P. 12(b)(6), and we remand for further proceedings in connection with those claims". As it can be clearly seen above 2nd Circuit in fact vacated the District Court's judgment dismissing the plaintiff's Fourth Amendment claims. Hence, accepting all factual allegations in the complaint as true and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff the defendants motion must be denied in its entirety, or in the alternative, reserved as pre-mature affording the Plaintiff an opportunity to complete discovery.

## POINT VI

### THE PLAINTIFF'S STATE LAW CLAIMS ARE NOT PREEMPTED UNDER THE FEDERAL AVIATION ACT

The defendants' last and final argument that the Plaintiff's State Law claims are preempted under the federal aviation act is without merit and should be disregarded in its entirety. The defendants are erroneously attempting to compile all of the wrongful and negligent acts committed by the defendants under the purview of federal law.

The Plaintiff, in the action commenced, is not trying to regulate aviation safety and the act of the Defendant PILOT does not fall within activities that were preempted.

In *O'Hern v. Delta Airlines*, 838 F.Supp. 1264 (N.D.Ill.1993) the Court held that Congress did not intend the term "services" to be interpreted so broadly as to encompass matters of airplane safety or to exclude state common law personal injury claims.

In *Jamerson v. Atlantic Southeast Airlines*, 860 F.Supp. 821 (M.D.Ala.,1994), an airline passenger who was injured while disembarking from aircraft brought negligence suit alleging that airline failed to warn her that last step in movable stairs was greater distance than other steps and failed to assist her while disembarking. Airline moved for summary judgment and the Court, held that passenger's state law personal injury claims for negligence were not preempted by Airline Deregulation Act.

In *Witty v. Delta Air Lines, Inc.*, 366 F.3d 380, 382 (5th Cir. 2004) the Court held that ADA does not preempt tort liability for personal injury caused by aircraft operation and maintenance; More specifically citing *Hodges v. Delta Airlines*, 44 F.3d 334 C.A.5 (Tex.),1995, the court stated "we held that the preemptive effect of § 41713(b)(1) is limited by a provision of the Federal Aviation Act of 1958(FAA), 49 U.S.C. § 41112(a) (previously codified at 49 U.S.C. app. § 1371(q)), which provides that air carriers must maintain insurance or self-insurance that covers liability "for bodily injury to, or death of, an individual ... resulting from the operation or maintenance of the aircraft...." We reasoned that § 41112(a) "can only be understood to qualify the scope of 'services' removed from state regulation by [§ 41713(b)(1)]. A complete preemption of state law in this area would have rendered any requirement of insurance coverage nugatory." *Hodges* at 338. "Thus, federal preemption of state laws, even certain common law actions 'related to services' of an air carrier, does not displace state tort actions for personal physical injuries or property damage caused by the operation and maintenance of aircraft." *Hodges* at 336.

Furthermore, §1506 of the FAA provides that "[n]othing ... in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." *49 U.S.C. App. § 1506*.

19

In *Smith v. America West Airlines, Inc.* 44 F.3d 344 C.A.5 (Tex.),1995. Passengers on the airplane brought a lawsuit in state court against America West and Connie Lynn Weaver claiming that the defendants were negligent in permitting the hijacker to board the aircraft. The defendants removed the action to federal court and promptly moved to dismiss on the ground that the plaintiffs' state law tort claims were preempted by the Airline Deregulation Act of 1978 (ADA), 49 U.S.C.App. § 1301 et seq., and that no implied cause of action existed under the Federal Aviation Act. The district court granted the defendants' motion and dismissed the complaint. The plaintiff appealed and the appellate division held that Smith's claim is not preempted.

Other courts interpreting Section 1305 have employed similar analysis. See *Butcher v. City of Houston*, 813 F.Supp. 515 (S.D.Tex.1993) where the Court concluded that the word "services" in Section 1305 includes only those services that "are distinctively incident to the provision of airline service"; In *Sedigh v. Delta Airlines, Inc.*, 850 F.Supp. 197, 200 (E.D.N.Y.1994) the Court held that "the proper focus should be on whether or not the specific common law action addresses matters about which the airlines wish or are likely to compete" which does not include tort claims based on personal injuries.

WHEREFORE, it is respectfully requested that Defendants' motion be denied in its entirety together with such other relief, which this court deems just and proper.

Dated: New York, New York
August 6, 2008

Respectfully submitted,

AKIN & SMITH, LLC

By: Ismail S. Sekendiz (ISS 0509)
Attorneys for Plaintiff
305 Broadway, Suite 1101
New York, New York 10007

20