UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GOKHAN MUTLU,

Plaintiff,

- against -

08 CV 4887 (LAP)

JETBLUE AIRWAYS CORPORATION,
PILOT, true identity unknown, and
FLIGHT ATTENDANT, true identity unknown,

Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
(212) 513-3200

*Counsel for Defendant*
*JetBlue Airways Corporation*

# TABLE OF CONTENTS

Page

Preliminary Statement ..... 1

Argument ..... 2

POINT I
PLAINTIFF'S ATTEMPTS TO SALVAGE HIS FEDERAL CLAIMS FAIL ..... 2

A. Plaintiff Fails To Plead A Discrimination Claim ..... 2

1. Plaintiff Has No Private Right Of Action Under 49 U.S.C. § 40127(a) ..... 2

2. Plaintiff's Discrimination Allegations Are Defective ..... 4

B. Plaintiff's Constitutional Claims Are Facially Deficient ..... 5

POINT II
PLAINTIFF'S "STATE LAW" CLAIMS SHOULD BE DISMISSED ..... 6

A. The "State Law" Claims Are An End Run Around Federal Statutes Providing No Private Right Of Action ..... 6

B. Plaintiff's Preemption Arguments Are Unsound ..... 7

POINT III
PLAINTIFF'S SUGGESTION OF REMAND SHOULD BE REJECTED ..... 9

Conclusion ..... 10

# TABLE OF AUTHORITIES

## CASES

*Air Transp. Ass'n of America Inc. v. Cuomo*,
520 F.3d 218 (2d Cir. 2008)....7, 8

*Alexander v. Sandoval*,
532 U.S. 275 (2001).... 3-4

*Bellikoff v. Eaton Vance Corp.*,
481 F.3d 110 (2d Cir. 2007)....3

*Broder v. Cablevision Sys. Corp.*,
329 F. Supp. 2d 551 (S.D.N.Y. 2004).... 6-7

*Broder v. Cablevision Sys. Corp.*,
418 F.3d 187 (2d Cir. 2005)....9

*Correctional Servs. Corp. v. Malesko*,
534 U.S. 61 (2001)....3

*Drake v. Delta Airlines*,
923 F.Supp. 387, *aff'd in relevant part*, 147 F.3d 169 (2d Cir. 1998)....6

*Dunlop v. City of New York*,
2006 WL 2853972 (S.D.N.Y. 2006).... 9-10

*Elnajjar v. Northwest Airlines*,
2005 WL 1949545 (N.D. Tex. Aug. 15, 2005). ....8

*Fonte v. Board of Mgrs. Of Continental Towers Condominium*,
848 F.2d 24 (2d Cir. 1988)....4

*Friedl v. City of New York*,
210 F.3d 79 (2d Cir. 2000)....4

*Grochowski v. Phoenix Constr.*,
318 F.3d 80 (2d Cir. 2003)....6

*Manfredonia v. American Airlines*, Inc.,
68 A.D.2d 131, 416 N.Y.S.2d 286 (1979)....3

*Olson v. Board of Ed.*,
250 F.Supp. 1000 (E.D.N.Y. 1966)....9

*Ruderman v. Police Dep't of the City of New York*,
857 F. Supp. 326 (S.D.N.Y. 1994)....5

*Ruta v. Delta Airlines*,
322 F. Supp. 2d 391 (S.D.N.Y. 2004)....................8

*Scholastic Inc. v. Stouffer*,
124 F.Supp.2d 836 (S.D.N.Y. 2000)....................5

*Weiss v. El Al Israel Airlines,*
433 F. Supp. 2d 361 (S.D.N.Y. 2006),
*reconsideration denied*, 2006 WL 2129334 (S.D.N.Y. July 28, 2006)....................7-8

*Yusuf v. Vassar College*,
35 F.3d 709 (2d Cir. 1994)....................5

**RULES, STATUTES, AND REGULATIONS**

Fed. R. Civ. P. 12(b)(6)....................*passim*

Fed. R. Civ. P. 12(e)....................1, 4

28 U.S.C. § 1441(c)....................9

49 U.S.C. § 40127(a)....................2-4

49 U.S.C. § 41713(b)(1)....................7

14 C.F.R. § 121.311....................3

14 C.F.R. § 125.211....................3

Defendant JetBlue Airways Corporation ("JetBlue") submits this memorandum in further support of its Rule 12(b)(6) motion[1] to dismiss Plaintiff's Amended Complaint in its entirety and without further opportunity to re-plead.

## PRELIMINARY STATEMENT

Much ink has been spilled by JetBlue in an effort to discern what claims Plaintiff asserts in this action. As detailed in JetBlue's Rule 12(e) motion, and again in its opening brief on this motion, Plaintiff's muddled allegations render it nearly impossible to discern the claims Plaintiff is asserting, the legal bases for his claims, and the legal standards he is proceeding under. Now, despite a lengthy opposition brief which attempts to elucidate – and, in several instances, to impermissibly amend – Plaintiff's pleadings, JetBlue remains in the dark as to key elements of Plaintiff's claims.

Plaintiff's opposition brief, however, underscores JetBlue's entitlement to dismissal of the Amended Complaint in several key respects. First, Plaintiff's opposition confirms that he is indeed attempting to assert federal claims under federal statutes and constitutional amendments (and, perhaps, under federal aviation regulations), but fails to demonstrate that these putative federal claims are legally sound and properly pleaded. Second, Plaintiff's opposition confirms that his so-called "state law" claims amount to nothing more than lightly retooled claims under federal statutes and regulations providing no private right of action. And third, Plaintiff's opposition confirms that his state law claims, at essence, relate to airline services and aviation safety, and thus fall within the scope of express ADA preemption and implied FAA preemption. For these reasons, and those detailed in JetBlue's opening brief, the Amended Complaint must be dismissed.[2]

---

[1] While Plaintiff's opposition variously refers to this motion as one pursuant to "Rule 12(e)," JetBlue's motion is to dismiss pursuant to Rule 12(b)(6). JetBlue's previous Rule 12(e) motion resulted in the filing of the Amended Complaint which is now the target of this dismissal motion.

[2] Deeming his Amended Complaint legally sufficient in all respects, Plaintiff's opposition does not request that Plaintiff be allowed further opportunity to make out his claims. Accordingly, this Court should maintain its prior orders holding that no further amendments will be allowed.

## ARGUMENT

## POINT I

## PLAINTIFF'S ATTEMPTS TO SALVAGE HIS FEDERAL CLAIMS FAIL

JetBlue's opening brief demonstrated that, to the extent Plaintiff's Amended Complaint could be read as attempting to assert claims under federal statutes, regulations, and Constitutional Amendments, such claims were deficient as a matter of law. Plaintiff's opposition brief makes plain that Plaintiff indeed purports to assert claims under the antidiscrimination provision of 49 U.S.C. § 40127(a), and under the First and Fourteenth Amendments to the U.S. Constitution.[3] *See* Opp. pp. 8-11, 13-18. Plaintiff cannot save these deficient federal claims from dismissal.

### A. Plaintiff's Fails To Plead A Discrimination Claim

In an effort to salvage his discrimination claim under 49 U.S.C. § 40127(a), Plaintiff argues that there is a private right of action under this section, and that his allegations of discrimination thereunder are sufficiently pleaded. Plaintiff is incorrect on both scores.

#### (1) Plaintiff Has No Private Right Of Action Under 49 U.S.C. § 40127(a)

It must be noted at the outset that, while Point III of Plaintiff's opposition brief purports to address the availability of a private right of action under 49 U.S.C. § 40127 – a federal statute prohibiting discrimination in air transportation – much of Plaintiff's discussion inexplicably addresses unspecified "statutes cited by Plaintiff" governing seating and seatbelts aboard flights.

---

[3] As Plaintiff's opposition brief contains no reference to the numerous Federal Aviation Regulations ("FARs") invoked in his Amended Complaint, and discussed at length in JetBlue's opening brief (*see* Opening Mem. pp. 5 n.4, 11-12), JetBlue assumes that Plaintiff no longer intends to assert claims thereunder. Likewise, aside from the specific federal claims acknowledged in Plaintiff's opposition – his purported claims under 49 U.S.C. § 40127(a) and under the First and Fourteenth Amendments – Plaintiff persists in his refusal to identify any of the myriad unspecified "Laws of the United States of America" he purports to proceed under. *See* Opening Brief, p.11 n.5.

*See* Opp. pp. 9-11. These arguments are, of course, wholly beside the point in assessing whether a private right of action exists under the antidiscrimination provisions of 49 U.S.C. § 40127(a).[4]

Substantively, Point III of Plaintiff's brief disregards controlling case law decided in the wake of the Supreme Court's ruling in *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001), relying instead upon a pre-*Sandoval* decision, *Manfredonia v. American Airlines*, Inc., 68 A.D.2d 131, 416 N.Y.S.2d 286 (1979), that applied a now-invalid standard. *See* Opp. pp. 8-11. Indeed, the *Sandoval* Court explicitly rejected the very *Cort v. Ash* purpose-based analysis that Plaintiff now purports to apply. *See Sandoval*, 532 U.S. at 286. The analysis compelled by *Sandoval* does not rely upon a statute's presumed underlying purpose to protect a class of individuals, as Plaintiff would have it. Rather, the proper analysis looks to the language and structure of the statute for evidence of legislative intent to create a private remedy. *See id.* at 288. For the reasons detailed at length in JetBlue's opening brief – and wholly ignored in plaintiff's opposition – application of the *Sandoval* standard does not support a private right of action under 49 U.S.C. § 40127(a).[5]

To the extent Plaintiff chooses to recognize *Sandoval* at all, he urges the Court to disregard the implied right of action analyses set forth therein, and in the numerous other authorities cited in JetBlue's opening brief, simply because those cases do not deal with the specific statute at issue

---

[4] To the extent these otherwise inexplicable references are proffered to support an [unstated] argument that a private right of action exists to enforce the provisions of 14 C.F.R. § 121.311 and/or 14 C.F.R. § 125.211, JetBlue stands on the analysis presented in Point I(C) of its opening brief. Moreover, the arguments presented in this section and directed to Plaintiff's claimed private right of action under 49 U.S.C. § 40127(a) are equally applicable to any argument by Plaintiff that a private right of action under the seat and seat-belt FARs should be implied.

[5] Reflecting, and compounding, his misapprehension of the applicable legal standards, Plaintiff inaccurately suggests at various points in his opposition brief that the federal statute's silence as to the denial of a private right implies that private enforcement of a remedy is available. *See* Opp. p. 10. Unfortunately for Plaintiff, the proper analysis is precisely the opposite. As detailed in JetBlue's opening brief, the absence of rights-creating language in 49 U.S.C. § 40127(a) actually raises a strong presumption that Congress did not intend to create a private right of action. *See, e.g.*, *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 64 n.3 (2001); *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 117 (2d Cir. 2007).

here. *See* Opp. pp. 13-16. Plaintiff's facile distinctions merit only a brief response. It is true, of course, that Plaintiff here does not assert claims under *Bivens*, or under the Exchange Act, or under the Investment Company Act. But it is equally apparent that *Sandoval* and its progeny did not limit their analysis to the specific statutes they considered. Rather, as JetBlue detailed in its opening brief, federal courts have consistently applied the *Sandoval* test when determining whether implied causes of action exist under a broad swath of federal statutes, including the FAA and Section 40127(a). *See* Opening Brief pp. 7-8, 11-12. Accordingly, this Court should find as other courts applying the *Sandoval* analysis have found: that, in light of the language and structure of 49 U.S.C. § 40127(a), no private right of action should be implied.

**(2) Plaintiff's Discrimination Allegations Are Defective**

In its Rule 12(e) motion, JetBlue specifically noted that the discrimination pleadings in the Complaint were deficient as to (a) Plaintiff's alleged membership in protected class(es), and (b) Defendants' alleged discriminatory animus. Despite the veritable roadmap provided by JetBlue, Plaintiff refused to address, let alone remedy, these patent deficiencies in his Amended Complaint.

Now, via an unsworn statement in his opposition brief, Plaintiff has chosen to disclose for the first time that he "is a Turkish-American / Muslim individual, who speaks with a foreign accent and believes that he was discriminated [sic] based on his race, religion and/or creed." Opp. p. 17. But "[f]actual allegations contained in legal briefs or memoranda are . . . treated as matters outside the pleadings for purposes of Rule 12(b)." *Fonte v. Board of Mgrs. Of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1988). Plaintiff's untimely attempt to once again amend his Complaint – this time via an unsupported factual statement in his brief – cannot salvage a discrimination claim which is deficient under the four corners of his Amended Complaint. *See Friedl v. City of New York*, 210 F.3d 79, 83-4 (2d Cir. 2000) (district court errs when it "relies on factual allegations contained in legal briefs or memoranda" in ruling on 12(b)(6) motion); *see also*

*Ruderman v. Police Dep't of the City of New York*, 857 F. Supp. 326, 330 (S.D.N.Y. 1994); *Scholastic Inc. v. Stouffer*, 124 F.Supp.2d 836, 851 n.16 (S.D.N.Y. 2000).

Plaintiff's opposition brief further suggests that Plaintiff's mere "belie[f] that he was discriminated against" should suffice to make out his claim, notwithstanding his failure to plead discrimination or discriminatory intent in anything but conclusory terms. The law holds otherwise. *See* Opening Brief p.9; *see also, e.g., Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d Cir. 1994) (plaintiff must specifically allege "circumstances giving rise to a plausible inference of racially discriminatory intent"). Plaintiff is left, then, with nothing more than a bald allegation that he feels he was discriminated against, in violation of 49 U.S.C. § 40127(a). Lacking specific and plausible factual pleading of protected class and discriminatory intent, the Amended Complaint fails to make out Plaintiff's claim of discrimination. *See id.*; *see also Ruderman*, 857 F. Supp. at 330 (dismissing discrimination claim founded upon conclusory allegations).

### B. Plaintiff's Constitutional Claims Are Facially Deficient

Plaintiff's halfhearted attempt to salvage his purported claims under the First and Fourteenth Amendments is likewise deficient. As with his discrimination claims, Plaintiff has been given ample opportunity to cure the pleading deficiencies in his constitutional claims by, *inter alia*, alleging a basis pursuant to which the actions of Defendants might be regarded as "state action," and identifying the manner in which the amendments invoked are intended to apply to Plaintiff's factual allegations. Plaintiff's Amended Complaint fails to do so, and his opposition brief proffers no excuse for this failure, instead merely quoting the text of the two amendments he invokes. For the reasons stated in JetBlue's opening brief, Plaintiff's claims against private actors under the First and Fourteenth Amendments must be dismissed.[6]

---

[6] Plaintiff's opposition brief singles out one of the several cases cited in JetBlue's opening brief for the elemental proposition that sufficient pleading of state action is required to make out constitutional claims, and attempts to distinguish it away. *See* Opp. p. 18. However, contrary to

## POINT II

## PLAINTIFF'S "STATE LAW" CLAIMS SHOULD BE DISMISSED

### A. The "State Law" Claims Are An End Run Around Federal Statutes Providing No Private Right Of Action

In its opening brief, JetBlue demonstrated that the state law labels hastily inserted into Plaintiff's Amended Complaint amounted to an impermissible attempt to circumvent federal statutes and regulations that themselves provide no private right of action. *See* Opening Brief pp. 13-14.

Plaintiff's opposition fails to acknowledge these arguments and authorities, and makes no attempt to show that they do not apply to his restyled "state law" claims. Indeed, Plaintiff concedes that his state law theories purport to piggyback upon violations of federal statutes and regulations as "conclusive evidence of [defendants'] negligence . . . ." Opp. pp.12-13 (further observing that "the defendants violation of the federal statutes as cited by the Plaintiff are significant for the State cause of action"). Accordingly, it is apparent from Plaintiff's Amended Complaint, and from his opposition, that his "state law" claims challenge the very same conduct – JetBlue's alleged failure to abide by federal aviation statutes and regulations prohibiting discrimination and governing access to seats and seat belts – for which Congress has withheld a private right of action.

Plaintiff plainly cannot be allowed to recover precisely what Congress and the courts have deemed unavailable to him via a direct private right of action, simply by tacking a "negligence *per se*" label onto his claims. *See Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("Since . . . no private right of action exists under the relevant statute, the plaintiffs' efforts to bring their claims as state common-law claims are clearly an impermissible 'end run' around the [statute]."); *Broder v. Cablevision Sys. Corp.*, 329 F. Supp. 2d 551 (S.D.N.Y. 2004) ("Attempts to

---

Plaintiff's false distinction, the court in *Drake v. Delta Airlines*, 923 F.Supp. 387, *aff'd in relevant part*, 147 F.3d 169, 171 (2d Cir. 1998), did dismiss certain of Plaintiff's claims against Delta on state action grounds, and the Second Circuit did affirm that dismissal.

circumvent the bar against private actions through artful pleading will not be countenanced by the courts, and such theories of recovery will be dismissed.")(quotation omitted).

**B. Plaintiff's Preemption Arguments Are Unsound**

JetBlue argued in its opening brief that, even to the extent the putative state law claims asserted in Plaintiff's Amended Complaint can be deemed true claims – and not mere attempts to circumvent the lack of a private right of action under the statutes and regulations Plaintiff relies upon – such claims are expressly and impliedly preempted by federal law.

Plaintiff responds to JetBlue's comprehensive showing of express preemption under Section 1305 of the ADA (49 U.S.C. § 41713(b)(1)) by wholly ignoring the authorities cited by JetBlue, and by selectively citing a handful of contrary authorities claimed to support Plaintiff's assertion that "state law personal injury actions are never preempted under § 1305." Opp. p.8. In acknowledging only authorities that comport with its position, Plaintiff significantly overstates the law. As the Second Circuit noted in the recent seminal case of *Air Transp. Ass'n of America Inc. v. Cuomo*, 520 F.3d 218, 222-23 (2d Cir. 2008) – a case notably ignored in Plaintiff's opposition brief – the scope of "services" expressly preempted under Section 1305 is very broad, and encompasses the full panoply of "the provision or anticipated provision of labor from the airline to its passengers . . . [including] matters incidental to and distinct from the actual transportation of passengers." *Id.* at 223. Plaintiff's opposition brief says nothing to meaningfully dispute what is obvious from his Amended Complaint: that all of his claims relate to the nature, safety, and quality of in-flight service provided to him by JetBlue crew members in the course of a JetBlue flight. Numerous authorities cited in JetBlue's opening brief – and ignored in Plaintiff's opposition – have held state law claims for emotional distress very similar to those asserted by Plaintiff to be expressly preempted under 49 U.S.C. § 41713(b)(1). *See, e.g., Weiss v. El Al Israel Airlines,* 433 F. Supp. 2d 361 (S.D.N.Y. 2006), *reconsideration denied*, 2006 WL 2129334 (S.D.N.Y. July 28, 2006)

("[Plaintiffs assert that they were treated poorly by airline employees . . . . [P]laintiffs' claim that El Al preformed ineptly or rudely, or even failed to provide the services contracted for, is necessarily a claim 'in connection with or reference to airline . . . services.'"); *Ruta v. Delta Airlines*, 322 F. Supp. 2d 391 (S.D.N.Y. 2004); *Elnajjar v. Northwest Airlines*, 2005 WL 1949545 (N.D. Tex. Aug. 15, 2005). These cases, which Plaintiff makes no effort to refute, compel the same conclusion here.

Further, Plaintiff's opposition brief fails even to acknowledge, let alone address, JetBlue's alternate showing that Plaintiff's safety-related claims are impliedly preempted under the FAA. If anything, Plaintiff's opposition brief reinforces the notion that his claims are, at essence, aviation safety claims. *See, e.g.,* Opp. pp. 9-10 (citing the "pervasive interest in safety" reflected in Plaintiff's claims, and alleging that defendants' alleged actions placed "the safety of all the passengers in peril"). As the Second Circuit recently suggested, and as other courts have expressly held, the pervasive federal interest and comprehensive federal regulation in the field of aviation safety – regulation covering nearly every aspect of a commercial aircraft's operation, including the availability of seats and seat belts – cover the field. *See Cuomo*, 520 F.3d at 224-25; *see also* Opening Brief pp. 18-19. Yet is precisely this federal interest in aviation safety upon which Plaintiff's state law claims seek to intrude. *See* Opp. p. 10 ("allowing Mr. Mutlu a right of remedy would encourage the airline industry to comply with safety regulations knowing that non-compliance brings with it severe economic sanctions in favor of those who have been injured by noncompliance"). Plaintiff's state law claims challenging his alleged lack of access to a seat and safety belt – matters comprehensively governed by the FARs Plaintiff invokes – must be rejected as impliedly preempted by the pervasive federal interest in regulating aviation safety.[7]

[7] As a last-ditch argument, Plaintiff asserts that dismissal of his deficient pleadings would be tantamount to unjustly denying him, "a person who has been aggrieved and caused to suffer damages in a coast-to-coast flight, a right of any recovery whatsoever." Opp. p. 2. This is not a *pro se* case. If Plaintiff feels that he has a sound claim against Defendants which his counsel repeatedly has been unable to plead, Plaintiff's remedy is against his counsel. Defendants cannot continue to

**POINT III**

**PLAINTIFF'S SUGGESTION OF REMAND SHOULD BE REJECTED**

Plaintiff's casual suggestion, made for the first time in his opposition, that this case "should be reverted back to State Court rather than be dismissed" (*see* Opp. pp.11-13) should be rejected.

Plaintiff attempts to have it both ways, arguing both that he states federal claims under federal statute, regulation, and constitutional amendments (as to which this Court would plainly have subject matter jurisdiction), and that he states only state law claims (as to which, Plaintiff claims, this Court should grant remand). But is plainly apparent from Plaintiff's Amended Complaint, and from the arguments raised by Plaintiff in opposition to JetBlue's motion to dismiss, that putative federal claims and questions lie at the heart of Plaintiff's claims. The mere fact that Plaintiff's federal claims are defective and should be dismissed does not deprive this Court of subject matter jurisdiction over this action. *See, e.g., Broder v. Cablevision Syst. Corp.*, 418 F.3d 187 (2d Cir. 2005); *Olson v. Board of Ed.*, 250 F.Supp. 1000 (E.D.N.Y. 1966).[8]

Likewise, consideration of the viability of the pendent state law claims – which, as Plaintiff himself concedes, arise from the very same facts as his putative federal claims, and which attempt to draw upon federal statutory and regulatory standards – is well within this Court's subject matter and removal jurisdiction. *See* 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within [federal question jurisdiction] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . . ."); *Dunlop v. City of New York*, 2006 WL 2853972 (S.D.N.Y.

---

be subjected to the costs of litigating this case while Plaintiff's counsel tries, and fails, to articulate viable theories and make out viable claims.

[8] Plaintiff's suggestion that JetBlue conceded the viability of Plaintiff's federal claims, merely by removing this case to federal court, is without merit. JetBlue's removal papers said nothing "contrary to" its current view that Plaintiff's allegations are legally unsound; rather, they merely identified the federal questions invoked within the four corners of Plaintiff's Complaint.

2006) (retaining jurisdiction over civil rights plaintiff's state law claims, where the "federal law claims will require virtually the same proof as the state law claims," where the "federal claims are not merely peripheral to the state claims, [but] rather they present serious allegations of constitutional violations that are properly addressed in federal court," and where the state and federal claims "arise out of a series of events that are interrelated").

Plaintiff suggests that "should the Court conclude that no private right of action exists and preemption [is] proper . . . the Court should still deny the defendants [sic] instant application and remand the instant case back to State court." Opp. p.13. JetBlue disagrees that it should be subjected to further unnecessary expense to defend against unmeritorious claims. If this Court concludes that Plaintiff, despite the re-pleading opportunities already allowed to him, has failed to state a viable federal or state law claim, the proper remedy is dismissal of his Amended Complaint pursuant to Rule 12(b)(6). Should that occur, there simply would be no case left to remand.

## CONCLUSION

For the foregoing reasons, and those detailed in its opening brief, JetBlue Airways Corporation submits that Plaintiff's Amended Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), without further opportunity to re-plead.

Dated: New York, New York
August 18, 2008

Respectfully submitted,
HOLLAND & KNIGHT LLP

By: ______________________

Christopher G. Kelly (CK 3865)
Robert J. Burns (RB 1558)
Suhey I. Nevarez (SN 1981)
195 Broadway
New York, New York 10007
Phone No. (212) 513-3200

Attorneys for Defendant JetBlue Airways Corporation