UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
GOKHAN MUTLU,                 :
                              :
          Plaintiff,          :    08 Civ. 4887 (LAP)
                              :
     -against-                :    ORDER
                              :
JETBLUE AIRWAYS CORPORATION,  :
PILOT, true identity unknown, :
FLIGHT ATTENDANT,             :
True identity unknown,        :
                              :
          Defendants.         :
------------------------------x

LORETTA A. PRESKA, United States District Judge:

    On March 31, 2009, this Court dismissed Plaintiff's Complaint, with prejudice, for failure to state a claim upon which relief may be granted (the "Dismissal Order) [dkt. no. 23].  That same day, the Clerk's Judgment closing the case was entered on the docket [dkt. no. 24].  Both the Dismissal Order and the Clerk's Judgment were electronically transmitted to Plaintiff's counsel.

    Pursuant to Federal Rule of Appellate Procedure 4(a)(1), Plaintiff had 30 days from March 31, 2009--that is, until April 30, 2009--to file a notice of appeal. Plaintiff did not file a notice of appeal.

On May 6, 2009, Plaintiff filed a Motion to Extend Plaintiff's Time to File a Notice of Appeal, apparently[1] requesting an extension pursuant to Federal Rule of Appellate Procedure 4(a)(5) [dkt. no. 25]. In Plaintiff's Motion, Plaintiff urges this Court to extend the 30 day time limit for him to file his notice of appeal because he was out of the country attending to a sick relative during the time period within which to appeal. However, Plaintiff's counsel admits that he knew Plaintiff was out of the country during that period, that the clock was ticking, and that he did not attempt to contact Plaintiff by alternative means or file the notice of appeal on his behalf. (See Plaintiff's Reply to Defendants' Memorandum in Opposition (Affirmation of Derek T. Smith) ("Our office made no attempt to contact Mr. Mutlu in Turkey because we were informed that he would be back around April 17.").) Furthermore, Plaintiff's counsel admits that he received the Dismissal Order and Clerk's Judgment and mailed it to Plaintiff's New York residence soon after March 31, 2009. (Id.)

---

[1] The motion is styled as a request pursuant to "Federal Rules of Appellate Procedure 5(A)." (See Attorney Declaration and Memorandum of Law (Affirmation of Derek T. Smith) [dkt. no. 27] at 1.) As far as the Court is aware, no such rule exists.

2

"Rule 4(a)(5)(A)(ii) allows a district court to 'extend the time to file a notice of appeal if . . . that party shows excusable neglect or good cause.'" In re Johns-Manville Corp., 476 F.3d 118, 124 (2d Cir. 2007) (quoting the Rule). Excusable neglect is "an elastic concept . . . [and] 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Bass v. NYNEX, No. 02 Civ. 5171, 2004 WL 2674633, at *2 (S.D.N.Y. Nov. 23, 2004) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 392, 395 (1993)). In making the determination, courts often consider factors such as (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within reasonable control of the movant, and (4) whether the movant acted in good faith. See id. Good cause arises from no-fault situations where "'the need for an extension is usually occasioned by something that is not within the control of the movant.'" Id. (quoting Fed. R. App. P. 4, advisory committee's note (subdivision (a)(5)(A)(ii))).

Here, the unfortunate circumstances that caused Plaintiff to be out of the country do not qualify as excusable neglect or good cause. Plaintiff's attorney was

3

well aware of the 30 day period for appeal and there is no indication that Plaintiff was unable to be notified of or exercise his right to appeal during that period. Indeed, ignorance of the appeal period does not qualify as excusable neglect or good cause. See Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir. 1994) (ignorance of the law no excuse); see also Myers v. New York City Human Rights Comm'n, No. 04 Civ. 00543, 2006 WL 2053317, at *1-2 (S.D.N.Y. July 21, 2006) (need to consult a different attorney no excuse); Chiulli v. IRS, No. 03 Civ. 6670, 2005 WL 2446233, at *3 (S.D.N.Y. Oct. 4, 2005) (a busy travel schedule no excuse); Bass, 2004 WL 2674633, at *2 (same); Jin v. Met. Life Ins. Co., No. 95 Civ. 4427, 2003 WL 21436211, at *5 (S.D.N.Y. June 20, 2003) (communication difficulties when reasonable means available no excuse); Mason v. Schriver, No. 96 Civ. 6942, 1999 WL 498221, at *3 (S.D.N.Y. July 13, 1999) (counsel's presence out of the country no excuse); Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Sun, No. 93 Civ. 7170, 1995 WL 491052, *2 (S.D.N.Y. Aug. 17, 1995) (same).

Accordingly, Plaintiff's Motion [dkt. no. 25] is DENIED.

SO ORDERED

Dated:    June 8, 2009
          New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.